# Moragne *v.* Doe, *ex dem.* Moragne *et al.*

## *Common Law Action of Ejectment.*

1. *Ejectment, action of; mineral rights; action of ejectment to recover.*—The right to bring an action of ejectment to recover mineral interests in lands is established in this State.
2. *Same; right of personal representative to maintain.*—There can be no doubt of the right of an administrator to maintain an ejectment to recover possession of real estate of his intestate and this without regard to whether, when recovered, it is intended for distribution or the payment of debts.
3. *Same; lis pendens, doctrine of.*—Two things are indispensable to give the doctrine of *lis pendens* effect. 1st, that the litigation must be about some specific thing, which must be necessarily affected by the termination of the suit; and 2nd, that the particular property involved in the suit must be so pointed out by the proceedings, as to warn the whole world that they intermeddle at their peril.

4. *Same; same.*—As a general rule, an action or suit brought solely for the recovery of a money judgment, or for other relief not directly affecting property, will not constitute *lis pendens.*

5 *Tenants in .common; ouster by co-tenant; what necessary to constitute.*—To constitute ouster by a co-tenant requires some open, notorious assertion of exclusive claim, and a direct interference with or denial of the right of the other co-tenant.

6 *Same; mesne profits, measure of.*—Where one co-tenant, having ousted the other, rents out the mineral rights jointly owned by them, the amount agreed to be paid under such lease forms a proper basis on which to ascertain the mesne profits.

7. *Same; tax title acquired by one co-tenant.*—A tax title acquired by one joint tenant inures equally to the benefit of all the tenants in common.

Appeal from the City Court of Gadsden.

Tried before the Hon. John H. Disque.

The facts in this case are sufficiently stated in the opinion.

James Aiken, for appellant:—The appellant derived title from a purchase made under a decree of the chancery court, in the case of *McCarver, et al. v. J. H. Moragne, et al.,* in which suit John B. Moragne was a defendant. It is insisted that this suit constituted *lis pendens,* and that John B. Moragne's interest in the land was involved and could not be sold during its pendency to vest a good title in the purchaser.—*Stein v. McGrath,* 128 Ala. 175; *Owen v. Fitzpatrick,* 96 Ala. 421; *Malone & Foster v. Mariott,* 64 Ala. 486; *Chaudron v. Magee,* 8 Ala. 570; *Evans v. Welch,* 63 Ala. 250; *Fash v. Ravesies,* 32 Ala. 451; *Stout v. Mfg. & Merc. Co.,* 56 Am. St. Rep. 543; *Roaney v. Michael & Lyons,* 84 Ala. 585. As to appellant's title under tax deed, see *Capehart v. Guffey,* 130 Ala. 436.

Goodhue & Blackwood, *contra.*—An action may be maintained to recover mineral interest in lands.—*Ala. State Land Co. v. Thompson,* 104 Ala. 576. On the right to recover under the demises laid in fifth count, we cite: *Slaughter v. Swift,* 67 Ala. 494; *Wood v. Montgomery,* 60 Ala. 500; *Pendley v. Medison's Admr.,* 83 Ala. 484;

[Moragne v. Doe, *ex dem.* Moragne *et al.*]

*Morgan v. Casey,* 73 Ala. 222; *Sledge v. Doe,* 51 Ala.
386; *Leatherwood v. Sullivan,* 81 Ala. 458.

As to the question of *lis pendens,* see: Am. & Eng.
Encyc. of Law (2nd Ed.), vol. 21, p. 630; *Hailey v. Ano,*
32 Am. St. Rep. 784; *Houston v. Timmerman,* 11 Am.
St. Rep. 852.

DOWDELL, J.—This is a common law action of eject-
ment to recover an undivided one-ninth interest in and
to the iron ore contained in and upon a certain tract of
land described in the complaint.

Five demises were laid in the complaint, any one of
which being supported by the evidence would entitle the
plaintiff to a judgment as much so as if all were made
out.

The right to maintain an action of ejectment to recover
a mineral interest in lands was decided by this Court in
the case of *Alabama State Land Co. v. Thompson,* 104
Ala. 570, 576, wherein a judgment was here rendered in
favor of the plaintiff in a common law ejectment suit
for the recovery of all of the minerals in a certain tract of
land.

The fifth demise laid in the complaint counts upon title
in C. W. Ewing, T. G. Ewing and Annie D. Paden, as
the administratrix of John S. Paden, deceased. The ev-
idence showed that the title to the entire tract of land
in controversy was originally in John S. Moragne. Upon
the death of said John S. Moragne in 1881, the title
vested in his eight children. In the year 1882, John B.
Moragne, one of the heirs at law of the said John S.
Moragne, conveyed his undivided one-eighth interest to
appellant, J. M. Moragne, reserving and excepting the
*mineral interest.* On the 19th day of November, 1891,
John B. Moragne conveyed the mineral interest in these
lands to Eula L. Moragne. On the 16th day of January,
1892, J. E. Hale obtained a judgment in the city court
of Gadsden against John B. Moragne. On the 23rd day
of May, 1882, Wm. Chandler, sheriff of Etowah county,
after having levied an execution thereon, and after sale
under said levy, executed a deed conveying whatever in-
terest John B. Moragne might still have in the lands to
J. E. Hale. On the 31st day of May, 1894, J. E. Hale,

John B. Moragne and Eula L. Moragne united in a deed conveying the mineral interest in question to the Paden-Ewing Hardware Company. The Paden-Ewing Hardware Company was a partnership, John S. Paden, C. W. Ewing and T. G. Ewing being the members composing the same. The evidence showed that John S. Paden died in 1896, and that Annie D. Paden became, and is still, the administratrix of the estate of John S. Paden deceased.

There can be no doubt of the right of an administrator to maintain ejectment to recover possession of real estate of his intestate and this without regard to whether when recovered it is intended for distribution or the payment of debts.—*Pendler v. Madison,* 83 Ala. 484; *Morgan v. Casey,* 73 Ala. 222; *Leatherwood v. Sullivan,* 81 Ala. 458; *Landford v. Duncan,* 71 Ala. 594.

The case of *Tarver v. Smith,* 38 Ala. 135, cited by counsel for appellant, is not in point. The administratrix here is not joined with the heirs at law of the intestate, but those who are joined with her as co-plaintiffs in the fifth demise laid in the complaint are co-tenants of her intestate in the interest sued for.

The deed from Burns as sheriff to Dunlap, on which the defendants base a claim of title to the mineral interests sued for, is subsequent in execution to the deed of Chandler to Hale, relied on by plaintiffs,—both deeds purporting to convey the interest of John B. Moragne,—and is inferior as a conveyance of title to the latter deed, unless priority is given it on the doctrine of *lis pendens,* as contended for by appellant. The deed from Burns to Dunlap was made under a sale on execution issued on a decree for costs in a suit in equity. The theory of *lis pendens* is based on the pendency of a bill in chancery filed by an heir at law of John S. Moragne, for the removal of the administration of the estate, which had been committed to a special administrator, into chancery, for the purpose of the settlement of said special administration and for distribution among the heirs. The bill which was filed did not seek to fix any lien, charge or encumbrance on the land in controversy, and the decree that was rendered, and on which the execution was issued, was an ordinary money decree.

The doctrine is thus stated in Am. & Eng. Ency. Law (2nd ed.), Vol. 21, 630; "As a general rule an action or suit brought solely for the recovery of a money judgment or for other relief not directly affecting property will not constitute *lis pendens;* and, in the absence of fraud or collusion between the parties thereto, alienations are valid until the property is affixed with a judgment or execution lien, or taken into custody by an attachment, receivership or other auxiliary proceeding."

In *Houston v. Timmerman,* 11 Am. St. Rep. 852, it is said, "Two things, however, seem indispensable to give the doctrine of *lis pendens* effect; 1st, that the litigation must be about some specific thing which must necessarily be affected by the termination of the suit, and 2nd, that the particular property involved in the suit must be so pointed out by the proceedings, as to warn the whole world that they intermeddle at their peril." Citing Freeman on Judgments, §§ 196, 197; see also *Hailey v. Ano,* 32 Am. St. Rep. 764. We are unable to see any room for the application of the doctrine of *lis pendens,* arising out of the chancery proceedings offered in evidence in this case.

It is shown by the evidence that in 1882, John B. Moragne, through whom plaintiffs claim title to the mineral interest in question, sold to the appellant, J. M. Moragne, his surface rights in the land and expressly reserved his right to all iron ore. Any use that applicant might have made of the surface, or any possession he might have of the land would be referred to the estate created by his deed until he did some act which interfered with John B. Moragne's right to the iron ore. J. M. Moragne and John B. Moragne, as heirs at law of John S. Moragne, deceased, were co-tenants in the iron ore; this co-tenancy to the iron ore was not disturbed under the deed to J. M. Moragne from John B. Moragne, wherein the mineral interests in the land were expressly reserved to the latter, and it would require some open, notorious assertion of claim by J. M. Moragne to the iron ore, and some direct interference with or denial of John B. Moragne's right to the iron ore, to constitute an ouster of John B. Moragne so far as the iron ore was concerned. And until this occurred, John B. Moragne would have the

[Hall & Farley, Trustees v. Alabama Terminal & Improvement Co.]

right to suppose that appellant's holding was in accordance with the terms of the deed from him to the appellant.

The evidence failed to show that J. M. Moragne ever interfered with the iron ore, until he made a lease to the North Alabama Mining Company in October, 1899. The present suit was begun in July, 1902, therefore, there could not have been three years adverse holding, and the court, by whom the case was tried without a jury, so properly held.

On the question of mesne profits, the amount of royalty received by the appellant, J. M. Moragne, on the one-ninth interest in question, under the lease to the North Alabama Mining Company, and the balance admitted to be due by said company under said lease, was a proper measure of the recoverable damages in the action.

As to the tax title sought to be asserted by the appellant, J. M. Moragne, the case of *Scott v. Brown,* 106 Ala. 604, is conclusive, and against him on this proposition. Besides, if the assessment of the taxes, and the proceedings thereunder, had been in all respects regular, the tax title so acquired by one joint tenant would inure to all the tenants in common. There is no error in the record and the judgment is

Affirmed.

McClellan, C. J., Tyson and Denson, J.J., concurring.