# Coleman *v.* Stewart.

### *Bill for Partition.*

(Decided Dec. 1, 1910.　53 South. 1020.)

1. *Tenancy in Common; Conveyance; Interest Passing.*—A general conveyance passes no greater interest or title than the grantor has, and where the grantor is a joint owner, his grantee becomes a tenant in common with the other joint owners.

2. *Frauds; Statute of; Interest in Lands.*—Parol agreements cannot operate upon title to land.

3. *Judgment; Conclusiveness.*—A former judgment in ejectment fixing such interest is conclusive of the question of title to respective interest on application for sale of the land for partition.

APPEAL from St. Clair Chancery Court.
Heard before Hon. W. W. WHITESIDE.

Bill by D. A. Stewart against James R. Coleman, for partition. Decree for complainant and respondent appeals. Affirmed.

M. M. & VICTOR H. SMITH, for appellant. Complainant showed no muniment of title or color of title in Amos Stewart but only a naked possession of an indefinite portion of the land, his possession will be presumed to have been in subordination of the true owners.--*Alexander v. Wheeler*, 69 Ala. 332; *Luck v. Tenn. Co.*, 92 Ala. 246. In the evidence in this case Coleman has shown title in himself to the entire tract.—*Draper v. Scott*, 25 Mo. 197. Adverse possession was shown.— *Goodson v. Brothers*, 111 Ala. 549; 1 Cyc. 98, and notes. Coleman's claim of title and open possession had continued for twenty years, and every one else was barred. —Secs. 4834-4836; 98 Ala. 543; 81 Ala. 384; 72 Ala. 389; 54 Ala. 552.

SMITH & SMITH, for appellant. While possession may be abandoned, there can be no abandonment of title.— *T. C. I. & R. R. Co. v. Lynn*, 123 Ala. 102; *Ross v. Goodwyn*, 88 Ala. 390; *Arnold v. Stephens*, 35 Am. Dec. 309; *Doe v. Butler*, 3 Wend. 149. There are two reasons why Coleman never acquired title by adverse possession. 1st, he never actually occupied the land, was never in actual possession of it.—*A. S. L. Co. v. McCullough*, 155 Ala. 246; *McDaniel v. T. C. & I. Co.*, 153 Ala. 593; *Alder v. Prestwood,* 122 Ala. 367; *Howell v. Henry*, 157 Ala. 43. The evidence does not show an adverse possession of ten years.—*Vest v. Miche*, 31 Am. Rep. 723. One judgment in an ejectment suit is not an estoppel against the complainant.—*Gibson v. Lyon*, 115 U. S. 439; Sec. 3538, Code 1907; *Marshall v. Croom,* 60 Ala. 121.

[Coleman v. Stewart.]

SIMPSON, J.—The bill in this case was filed by the appellee, D. A. Stewart, against the appellant, James R. Coleman, for a sale of lands for partition among joint owners. All of the parties to the bill are heirs of Amos Stewart, deceased, except Coleman, the appellant, and he claims title by virtue of a deed from L. D. Stewart and by adverse possession.

From a careful examination of the evidence, it does not appear that either party has shown that continuous, notorious, and open adverse possession which amounts to title. While one or two witnesses state that Coleman was in possession from the time of the deed to him by L. D. Stewart in 1882 or 1883, for about 20 years, yet their subsequent testimony showed that they merely inferred that he went into possession from the fact that the deed was made to him, and they could not testify to any acts of possession, more than the occasional cutting of timber and allowing others to do so. The principal witness on that subject, L. D. Stewart, testified that, when he said he had placed Coleman in possession, he meant only that he had made a deed to him, and that he did not know of Coleman's doing anything on the land, or having anything done on it, during either of the years, "except selling some timber." It results, then, that the question of title depends on the paper evidences of it, and all must trace back to Amos Stewart, who was shown to have been in possession, claiming the land as his own, many years ago.

This being the case, although the deed from L. D. Stewart conveys the land generally to Coleman, yet it could not operate on any more than the interest owned by him at that time; and Coleman thereby became tenant in common with the other joint owners. The parol agreements or understandings that are spoken of by some of the witnesses could not operate upon the

17—170

title to the lands. The evidence also shows that in 1906 said Coleman instituted a statutory action of ejectment against said appellee, D. A. Stewart, which resulted in a verdict and judgment giving to said Coleman a seven-eighths interest in said land, and to said D. A. Stewart a one-eighth interest.

In the case of *Van Wyck v. Seward,* 1 Edw. Ch. (N. Y.) 327-333, the vice chancellor held that the principle that one judgment in ejectment is not conclusive as to the title to property applies only when another action of ejectment is brought, but in other actions between the same parties a judgment in ejectment is as conclusive res judicata as any other judgment. When that case came up on appeal before Chancellor Walworth, he said: "But, although I cannot agree with the vice chancellor in his opinion as to the effect of the judgment suit as a bar to the relief sought by this bill, * * * there is no doubt but that the verdict, which was given in this case, is proper to be taken into consideration in determining a disputed question of fact, as to the existence of actual fraud in giving the deed. And where the testimony leaves it doubtful whether there was or was not fraud in the case, the fact that the same question has been submitted to a jury, who had found that there was no fraud, certainly ought to have some influence with the court, or with another jury, in determining the same question in another suit between the same parties. And in this court it might be a sufficient reason for refusing to award a feigned issue, in a case which would otherwise have been a proper case for an issue to determine the question of fraud."—*Van Wyck v. Seward,* 6 Paige (N. Y.) 62, 65.

In our own court, in a subsequent action for the rents and profits, it was held that the recovery in ejectment is conclusive between the parties and their privies.—*Shu-*

*make v. Nelms' Adm'r*, 25 Ala. 126, 135. But in a later
case this court, speaking through Stone, J., leaves the
matter undetermined.—*Jones v. de Graffenried,* 60 Ala.
145, 152. In a later case this court, speaking through
the same justice, in holding that the action and judg-
ment in ejectment did not conclude the equitable rights
and relations of the parties, said: "The verdict and
judgment are conclusive only that the appellee had not
at the commencement. of the suit the legal right to the
possession."—*Harper v. Campbell,* 102 Ala. 343, 345,
14 South. 650, 651.

In another case, wherein suit was brought for the
crops growing on the land at the time a recovery was
had in ejectment, this court, speaking through Somer-
ville, J., said: "In, our practice, under the statute, it
requires two verdicts and judgments for the defendant
to bar further suit by plaintiff in ejectment, or the real
action in the nature of ejectment. But, where the ques-
tion of title arises collaterally, as an action for mesne
profits, or otherwise, the record of a recovery in eject-
ment is not only admissible in evidence in favor of the
party put in possession under it, but is conclusive be-
tween the same parties, and their privies, on the same
title, as to the question of possession and title."—*Car-
lisle v. Killebrew,* 89 Ala. 329, 333, 6 South. 756, 757, 6
L. R. A. 617. And in a later case this court held that,
after a judgment in ejectment, a party cannot retry his
title in equity, unless it is an equitable title; the court,
speaking through Clopton, J., saying: "A court of chan-
cery has no supervisory jurisdiction of the judgments of
the circuit court. If the judgment was erroneous, com-
plainant had her remedy by appeal; and, if dispossessed
under the writ of possession, she may bring an action at
law, one judgment being, under the statute, not conclu-

sive."—*Morgan v. Lehman, Durr & Co.,* 92 Ala. 440, 443, 9 South. 314, 315.

We hold, then, that as between the parties to this appeal the question of the title to the respective interests in the land in question is concluded by the judgment in ejectment. The other parties to the case below were not parties to the ejectment suit, and do not join in the appeal in this case.

The decree of the court is affirmed.

Affirmed.

McClellan, Mayfield, and Sayre, JJ., concur.