# Wilson, *et al. v.* Kirkland.

## *Ejectment.*

(Decided April 6, 1911. Rehearing denied April 27, 1911. 55 South. 174.)

1. *Executors and Administrators; Parties; Joinder.*—An heir and a personal representative having no interest in common cannot jointly maintain an action in ejectment.

2. *Descent and Distribution; Wills; Action by Executor.*—An heir or devisee, or a personal representative may maintain his separate action in ejectment to recover lands of his decedent. · ..

[Wilson, et al. v. Kirkland.]

3. *Abatement and Revival; Ejectment; Action; Executors.*—An action of ejectment begun by a person in his lifetime may be revived in the name of the personal representative, or in his name jointly with the heir or devisee to recover possession and for damages accruing prior and subsequent to the testator's death under section 2497, Code 1907.

4. *Same; Revival by Executor.*—The fact that a testator left sufficient personal property with which to pay his debts, will not affect the right of his executor to revive an action of ejectment begun by her testator to recover the land; such revival being against strangers presumptively for the ultimate benefit of the executrix as devisee.

5. *Mortgages; Execution; Jury Question.*—Where the evidence was in direct conflict as to whether the mortgage was executed, the question becomes one for the jury.

6. *Same; Validity; Unnecessary Attestation.*—The subsequent attestation of a mortgage by the signature of the justice taking acknowledgment does not affect its validity where the mortgage was not required to be attested when executed.

7. *Tender; Keeping Goods.*—It is not competent to offer in evidence a tender not kept good.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by W. W. Kirkland against W. J. Wilson and others. Kirkland having died pending the suit, the action was revived in the name of Laura Kirkland as executrix who was also a devisee under the will. Judgment for plaintiff and defendants appeal. Affirmed.

J. F. SANDERS, for appellants. The court erred in permitting a revival in the name of the executrix, and in admitting her appointment as evidence.—*Ex parte Sayre,* 69 Ala. 184; *Ex parte Nabors,* 7 Ala. 459; *Evans v. Welsh,* 63 Ala. 250; *Crutchfield v. Hudson,* 23 Ala. 393; *Ridgeway v. Waugh,* 51 Ala. 423. It clearly appears that the personal representative could not maintain the action because the title to the land was in her individually and not subject to the death of the deceased. Counsel discuss the other assignments of error, but without citation of authority.

H. L. MARTIN, for appellee. Mrs. Kirkland was the only devisee, and likewise, the only executrix under the will, and the suit was properly revived in her name.— 63 Ala. 254; 143 Ala. 459. The signing of the deed by the witness did not affect its validity or divest the title out of the grantee.—104 Ala. 570.

SAYRE, J.—W. W. Kirkland brought his statutory action of ejectment for the recovery of a tract of land, claiming mesne profits also. The plaintiff died pending the action, leaving a will by which the title of all his lands vested in his widow. The trial court allowed the action to be revived in the name of the widow as executrix. It is said that this was error, for the reason that the revivor should have been had in her name as devisee.

While the action of ejectment cannot be maintained by heir and personal representative jointly as original parties, because they have no interests in common (*Tarver v. Smith*, 38 Ala. 135), the heir or devisee may bring his separate action on his title by descent or devise; and it is also settled that the personal representative may sue in ejectment in his own name for the lands of his intestate or testator, not because any title resides in him, but because possession is necessary to the complete exercise of his statutory authority.—*Moragne v. Moragne*, 143 Ala. 459, 39 South. 161, 111 Am. St. Rep. 52; *McKay v. Broad*, 70 Ala. 377. Where the plaintiff in ejectment dies pending the suit, it seems that section 2497 of the Code of 1907 authorizes a revivor in the name of the personal representative and the heir or devisee jointly. But "the personal representative has the exclusive right to such damages as accrued in the lifetime of the deceased plaintiff; and of them there can be no recovery, unless he is a party. He has, also, the right to intercept the entry and possession of the heir,

or devisee, and to apply the rents, or, under the orders of the court of probate, make sale of the lands, for the payment of debts or for distribution; and this confers upon him the right to revive the action in his own name, and to prosecute it to final judgment, recovering the possession, and, as an incident, the rents accruing prior and subsequent to the death of his testator or intestate."

If it is proposed to have the suit, when revived, proceed for the recovery of possession, and for damages accruing prior and subsequent to the death of the plaintiff, as was the case here, the revivor may be had in the name of the personal representative alone, or in his name jointly with the heir or devisee.—*Evans v. Welch,* 63 Ala. 250.

Nor did the defendants' offer to show that plaintiff's testator left sufficient personal property to pay his debts affect plaintiff's right to revive the action and to have a recovery in her capacity as personal representative. That was a question for adjudication upon an application for a sale of the land. The suit here, though revived and prosecuted by the executrix, is a suit against strangers holding adversely to her in whatever capacity she may claim, and is presumptively for her ultimate benefit as devisee.—*Morgan v. Casey,* 73 Ala. 222. So no error has been shown by any of the assignments addressed to these points.

Plaintiff claimed under a deed executed in pursuance of a power of sale contained in a mortgage which had been given by the defendants. Defendants denied having executed the mortgage. This made an issue of fact which was properly submitted to the jury for their decision. The mortgage, offered in evidence by the plaintiff, was in perfect form, and bore what purported to be the signatures of the defendants, and certificates of

[Wilson, et al. v. Kirkland.]

a justice of the peace, showing their separate acknowledgments of its execution in legal form. These certificates were signed by the justice of the peace, whose name also appeared as an attesting witness. The justice, testifying as a witness for the plaintiff, said, among other things, that subsequent to the execution and delivery of the mortgage, upon the mortgagee's suggestion, he had added his signature at another place on the paper as a witness. Upon this fact defendants based an objection to the admission of the mortgage in evidence.

The mortgage, if signed and acknowledged by the defendants, sufficed at the time of its execution to pass title, without an attesting witness, so that a concession that there was impropriety in the subsequent subscription of the justice's signature as a witness cannot operate to disturb rights theretofore vested, nor to destroy the office and effect of the mortgage paper as a muniment of title. The reasons for this conclusion are stated in *Alabama State Land Co. v. Thompson*, 104 Ala. 570, 16 South. 440, 53 Am. St. Rep. 80.

It was conceded in the court below that defendants'· alleged tender, if in other respects sufficient, was not kept good. There was therefore no error in excluding the evidence as to it.—*Maxwell v. Moore*, 95 Ala. 166, 10 South. 444, 36 Am. St. Rep. 190.

After considering all points argued, we find no error in the record.

Affirmed.

Simpson, McClellan, and Mayfield, JJ., concur.