(75 South. 935)

WILSON et al. v. HENDERSON.
(4 Div. 652.)

(Supreme Court of Alabama. May 17, 1917.
On Rehearing, June 21, 1917.)

1. EQUITY ⚖️150(1)—PLEADING —MULTIFARI-
OUSNESS.

A bill, by an assignee of a mortgage, whose
attorney bid in at foreclosure sale, and took fore-
closure deed under verbal agreement to hold
for his client, and thereafter brought ejectment
against the mortgagors, wherein he prevailed,
against the attorney's devisee and the mort-
gagors, seeking complainant assignee's invest-
ment with the title apparently acquired by the
attorney after foreclosure, and sale for division
of the proceeds of the land, in which complain-
ant assignee was also tenant in common with
the feme mortgagor, was not multifarious, since
each defendant had an interest in the subject-
matter, and the relief sought asked the court to
determine all rights or claims relating thereto.

[Ed. Note.—For other cases, see Equity, Cent.
Dig. §§ 342, 371, 373, 378.]

2. COSTS ⚖️13—COSTS IN EQUITY—CONTROL
OF COURT.

The costs of a cause in equity are within
the control of the court, so that a defendant, in a
suit in equity, could not be prejudiced by the
presence of another as party defendant.

[Ed. Note.—For other cases, see Costs, Cent.
Dig. §§ 21, 25.]

3. JUDGMENT ⚖️675(2)—BINDING FORCE—
REAL PARTY IN INTEREST.

The assignee of a mortgage, whose attorney
bid in the property on foreclosure, and who
was, in reality, plaintiff in the attorney's action
of ejectment against the mortgagors, would have
been bound by the judgment had it favored the
mortgagors, who were bound by an adverse judg-
ment as to execution of the mortgage, a con-
tested issue.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. § 1191.]

4. EQUITY ⚖️324 — PLEADINGS — SINGLE
CAUSE.

A cause in equity, composed of the original
bill and the responses thereto, and the cross-
bill and the response thereto, was one cause.

[Ed. Note.—For other cases, see Equity, Cent.
Dig. §§ 635-640.]

5. EQUITY ⚖️206—PLEADING—SUFFICIENCY
OF RESPONSE TO CROSS-BILL.

The sufficiency of the original complainant's
response to the cross-bill is to be determined
with reference to the allegations of the original
bill.

[Ed. Note.—For other cases, see Equity, Cent.
Dig. §§ 474-477.]

6. REFORMATION OF INSTRUMENTS ⚖️32—
PLEADING—LACHES.

In suit by the assignee of a mortgage against
the mortgagors, in the absence of appropriate
assertion by complainant, cross-respondent, of
the defensive matter of laches, relief to defend-
ant mortgagors, by reformation of the mort-
gage, could not be soundly denied them on the
ground of laches.

[Ed. Note.—For other cases, see Reformation
of Instruments, Cent. Dig. §§ 119-121.]

On Rehearing.

7. APPEAL AND ERROR ⚖️721(1)—JOINT AS-
SIGNMENTS OF ERROR—DENYING RELIEF ON
DEFENSE NOT PLEADED.

In suit by the assignee of a mortgage against
the mortgagor, husband and wife, error in deny-
ing defendants reformation of the mortgage, as
prayed in the cross-bill, on the ground that
laches precluded the relief, a defense to the
cross-bill not pleaded, was not harmless to the
feme mortgagor, where, if the reformation had
been accorded, 120 acres of land in which the
feme mortgagor had an undivided half interest
would have been exempt from an order of sale
for division at the instance of complainant, who
would not then have been a tenant in common
with the feme mortgagor in the tract.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 2985-2988.]

Appeal from Chancery Court, Coffee Coun-
ty; O. S. Lewis, Chancellor.

Suit by J. E. Henderson against W. J.
Wilson and others. From a decree for com-
plainant, defendants appeal. Decree revers-
ed, and cause remanded for reformation of
the pleadings.

J. A. Carnley, of Enterprise, for appellants.
W. W. Sanders, of Elba, for appellee.

McCLELLAN, J.   J. E. Henderson (appel-
lee) took an assignment of a mortgage pur-
porting to be executed by W. J. and Lizzie
Wilson (husband and wife) to H. L. Peacock.
The mortgage was foreclosed by Kirkland
as attorney for Henderson; the attorney bid-
ding in the property at the foreclosure sale,
and taking a foreclosure deed thereto in his
name by verbal agreement with the assignee
to hold the title for him.  Kirkland brought
an action of ejectment (later revived in the
name of the devisee under his will) against
the Wilsons to recover the full title to the
160 acres described in the mortgage.  On the
trial it developed that W. J. Wilson owned
only 40 acres in fee; that he had an undivid-
ed half interest only in the remaining 140
acres, the other half being owned by his wife,
Lizzie Wilson; and that since the debt for
which the mortgage was executed was the
debt of the husband the wife's undivided half
interest was not subject to, was not effectual-
ly conveyed by the mortgage.  The plaintiff
prevailed in the ejectment suit.

Henderson filed this bill against Mrs.
Young, formerly Mrs. Kirkland, and W. J.
and Lizzie Wilson.  The relief sought was
this:  The investment of the complainant
with the title apparently acquired by Kirk-
land at the foreclosure, this relief being de-
sired and to be effected against Mrs. Young,
the devisee under her husband's will; and
the sale, for division of the proceeds, of the
120 acres of land in which the complainant
was a tenant in common with Lizzie Wilson.
Decree pro confesso was taken against Mrs.
Young.  The Wilsons demurred to the bill;
the chief point of objection urged being that
the bill was multifarious.  The chancellor
overruled the objection.

[1] The chancellor's conclusion was justi-
fied by the authority afforded by Truss v.
Miller, 116 Ala. 494, 505, 22 South. 863, 866;
Ellis v. Vandegrift, 173 Ala. 142, 148, 155, 55
South. 781; Stone v. Insurance Co., 52 Ala.
589; Hunter v. Briggs, 184 Ala. 327, 63 South.
1004.  In Truss v. Miller, supra, it was said:

"When, as in the present case, the objection is, that distinct and unconnected matters are joined against several defendants, it is not necessary that all the parties should have an interest in all the matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others."

The subject-matter of the bill is a tract of land. The relation of Mrs. Young thereto and the relief sought against her is distinct from that sought against the appellants, whose mortgage is claimed to be the source of the complainant's rights in the premises. On the part of the appellants, they are concerned in the sale of the land in which the complainant avers he is a tenant in common. The common ligament connecting all of the parties is the subject-matter of the cause, viz. the land; and the relief sought invoked the court to determine, in accordance with equity's customary thoroughness, all rights or claims related to the subject-matter.

[2] Furthermore, since the costs of a cause in equity are within the control of the court, as the chancellor well observed, the appellants could not be prejudiced by the presence of Mrs. Young as a party respondent or by the fact that a divestiture of the title in her, by succession, that in truth was complainant's, is sought in the bill. Stone v. Insurance Co., 52 Ala. 589; Ellis v. Vandegrift, 173 Ala. 142, 148, 55 South. 781. There was no error in overruling the demurrer to the bill.

In their cross-bill the appellants set up that the mortgage was invalid, and the foreclosure ineffectual, because the mortgage was not efficiently executed. The appellee, original complainant and respondent to the cross-bill, answered, and sought the benefit of the estoppel wrought by the judgment in the ejectment suit, on the trial of which the execution of the mortgage was a contested issue. The sufficiency of the response to the cross-bill through the estoppel asserted was questioned by the cross-complainant. The answer itself did not carry allegations wherefrom it could be concluded that the appellee (original complainant and respondent in the cross-bill) was so related to the litigation and the judgment in the ejectment suit as to be entitled to avail of the estoppel thereby created, but from paragraph 3 of the original bill it appears that the ejectment suit was instituted, in the name of the Kirklands, for his (complainant's) use and benefit; that the Kirklands were not really the owners of the land; and that this fact was brought out on the trial of the ejectment suit.

[3-5] Henderson was, in reality, the plaintiff in that action, and would have been bound by the judgment therein had it favored the defendants, the Wilsons. Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515. Since the cause, constituted of the original bill and responses thereto and of the cross-bill and the response thereto, was one cause (Bell v. McLaughlin, 183 Ala. 548, 62 South. 798), and since the sufficiency of the response to the cross-bill, by the original complainant, is to be determined with reference to the allegations of the original bill (McIlvain v. Southwestern Co., 10 Phila. [Pa.] 371; 16 Cyc. p. 335; see, also, Hudson v. Hudson, 3 Rand. [Va.] 117; Harton v. Little, 166 Ala. 340, 344, 345, 51 South. 974), the court cannot be held to have erred to the prejudice of appellants in sustaining the sufficiency of the response asserting the estoppel wrought by the judgment in the ejectment suit, wherein the validity and sufficiency of the execution of the mortgage by the appellants was alleged to have been pointedly contested and necessarily decided in that action. Robinson v. Inzer, 195 Ala. 491, 70 South. 717; Coleman v. Stewart, 170 Ala. 255, 53 South. 1020. While that judgment did not conclude any equitable rights over which the law court could not exercise jurisdiction, its effect was to conclude the appellants from again contesting the issue of the valid execution vel non of the mortgage in the court of equity. Authorities, supra. The chancellor, it appears from his opinion, proceeded on the theory that laches had been appropriately invoked by the appellee, the cross-respondent, in answer to the feature of the cross-bill whereby a reformation of the mortgage was sought by the cross-complainant. We find in the record no such answer interposed to that feature of the cross-bill.

[6] In the absence of an appropriate assertion of this defensive matter by the cross-respondent (appellee), the relief by the reformation of the mortgage could not be soundly denied on the ground of laches. Hogan v. Scott, 186 Ala. 310, 65 South. 209; Grand Lodge, etc., v. Grand Lodge, etc., 174 Ala. 395, 403, 56 South. 963; Solomon v. Solomon, 81 Ala. 505, 1 South. 82. A consideration of the legal evidence bearing on the issue of mutual mistake in including more than the 40 acres in the mortgage, written by the justice of the peace, does not convince this court that the chancellor's conclusion in this respect can be sustained on the theory that the mistake averred in the cross-bill was not proven.

There is no appropriate pleading inviting the determination by the court of anything with reference to the assertion, in the evidence only, that a vitiating alteration or alterations of the mortgage was made.

The decree is reversed. The cause is remanded that the court may permit the reformation of the pleadings so that the issues may be properly determined.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. [7] There is no merit in the contention that the before-noted error in the decree was without injury to the appellant Lizzie Wilson who, with her coappel-

lant W. J. Wilson, joined in the assignment of errors; upon which contention the appellee bases his insistence that on joint assignment of errors a reversal will not be accorded unless the error underlying the judgment or decree is prejudicial to all of the joint assignors of errors. The decree denied the reformation of the mortgage prayed by both of the appellants in their cross-bill; and this for the reason that laches precluded the award of the stated relief by reformation. If the reformation sought had been accorded, the immediate result would have been to exempt the 120 acres in which Mrs. Wilson has an undivided half interest from an order of sale for division at the instance of the appellee, who, if the reformation prayed had been effected, would not then have been a tenant in common with Mrs. Wilson in the 120-acre tract. Our opinion is that Mrs. Wilson was not only concerned with and interested in the decree in the aspect indicated, but also that the error intervening was prejudicial to her.

The rehearing is denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, and THOMAS, JJ., concur.