(83 South. 484)

HENDERSON v. WILSON et al.    (4 Div. 812.)

(Supreme Court of Alabama.  Nov. 27, 1919.)

1. APPEAL AND ERROR ⟨key⟩1099(4)—ADJUDICATION ON PRIOR APPEAL THAT INSTRUMENT WAS NOT ALTERED CONCLUSIVE ON SUBSEQUENT APPEAL.

Adjudications on prior appeal that mortgage was executed and was not altered *held* conclusive on subsequent appeal.

2. REFORMATION OF INSTRUMENTS ⟨key⟩23—MORTGAGOR, BY PERMITTING FORECLOSURE AND SALE, ESTOPPED FROM HAVING MORTGAGE REFORMED.

Where mortgagor had actual notice, shortly after execution, that the mortgage covered an entire quarter section of land instead of only 40 acres and actual knowledge two years thereafter of foreclosure sale notices, showing mortgage to describe the whole of the quarter section, and after foreclosure sale permitted proceeds of sale to be credited on mortgage note in action against him on mortgage note for deficiency, mortgagor is estopped from thereafter having mortgage reformed on ground of mistake in describing the entire quarter section instead of only 40 acres.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by J. E. Henderson against W. J. Wilson and others for partition of certain real estate, with cross-bill by respondent for reformation of mortgage as to land conveyed. The chancellor decreed all the interest held by Laura Young individually and in her representative capacity be divested out of her and invested in complainant, and further decreed a reformation of the mortgage and restraining the enforcement of the judgment as to all but 40 acres of land. From this decree complainant appealed. Affirmed in part, and in part reversed and remanded.

W. W. Sanders, of Elba, for appellant. On the evidence the court erred in ordering a reformation of the mortgage. 102 Ala. 406, 14 South. 760; 63 Ala. 488; 121 Ala. 485, 25 South. 766; 119 Ala. 333, 24 South. 521; 2 Pomeroy, 1757; 170 Ala. 391, 54 South. 524; 29 Ala. 355; 55 Ala. 517. Relief by reformation was barred by laches and estoppel. 16 Cyc. 152–b; 80 Ala. 78; 108 Ala. 527, 18 South. 743; 72 Ala. 373; 114 Ala. 463, 21 South. 423; 95 U. S. 160, 24 L. Ed. 422; 120 U. S. 377, 7 Sup. Ct. 610, 30 L. Ed. 718; 122 Ala. 645, 26 South. 1030; 126 Ala. 545, 28 South. 517; 2 Pomeroy, 1643; 10 R. C. L. 694.

J. A. Carnley, of Elba, for appellees. No brief came to the Reporter.

McCLELLAN, J.  [1] The report of the former appeal of this cause will be found in 75 South. 935.[1]  Following the remandment on that occasion, the pleading was so reformed as to present the issues litigable between the parties. These issues arose out of the averments of the respondents' amended cross-bill and of the original complainant's (appellant's) amended answer thereto. Previous adjudications and the evidence, as well, conclude against the cross-complainants' contentions that the mortgage in question was not executed by the cross-complainants, and also that the instrument was altered. Wilson v. Kirkland, 172 Ala. 72, 55 South. 174; Wilson v. Henderson, 200 Ala. 187, 75 South. 935.

[2] In another aspect the cross-bill seeks the reformation of the mortgage, to secure a note for $324, purporting to have been regularly executed by the Wilsons to Peacock on January 7, 1903, and assigned, for a valuable consideration, by Peacock to appellant on February 27, 1903. Peacock died on an unindicated date after the assignment of the mortgage to the appellant. Admitting that 40 of the 160 acres was intended to be described in the mortgage to Peacock to secure the indebtedness mentioned, the cross-complainants insist that an error was committed by the scrivener in including the remaining 120 acres (of the quarter call) in the description of the real property covered by the mortgage. In view of the conclusion prevailing on the record under review, it is, we think, unnecessary now to determine these inquiries: (a) Whether, in fact, the averred mistake in description of the property in the instrument intervened: (b) whether laches on the part of Wilson should preclude the granting of the reformation sought. The facts to be summarily stated, pleaded after remandment on previous appeal, and supported by the evidence, afford ground for the conclusion that, because of the just operation of the doctrine of estoppel the reformation prayed should not be awarded.

The mortgage to Peacock was efficiently executed by the Wilsons on January 7, 1903. On February 27, 1903, the mortgage was assigned to appellant. Wilson testified that in 1903 he became actually aware of the fact that the instrument, as recorded, described the whole of the northeast quarter of section 29, township 4, range 21, in Coffee county. He further testified that, after appellant (Henderson) sued him on the Peacock note (which action was commenced in Coffee county on July 31, 1905), he again consulted the record of the registered mortgage, and found that the record purported to reproduce the instrument as describing the whole of the quarter section. The evidence would not, in any degree, justify the conclusion that the record was not true to its original in respect of the real estate described therein. The description Wilson read in the recorded

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 200 Ala. 187.

instrument must be held to have been the description contained in the original. Kirkland, for and in the stead of the assignee (Henderson) of the mortgage, effectually foreclosed the mortgage, under the power therein, on April 17, 1905, and Kirkland purchased at the foreclosure sale for the benefit of the assignee, the appellant. Wilson v. Henderson, 75 South. 935;[1] Wilson v. Kirkland, 172 Ala. 72, 76, 55 South. 174. The publication of the notice of this sale, under the power, came to the attention of Wilson before the sale. This notice, with two others previously published concerning the foreclosure of this mortgage, bore the affirmation that the instrument described the whole of the mentioned quarter section. Under date of May 14, 1905—about 30 days after the date of the foreclosure sale—Wilson served on Peacock a demand to satisfy this mortgage on the records of Coffee county. This demand, following so closely the foreclosure sale, may be referable to the status Wilson conceived to have been created by the foreclosure under the power; this conclusion being predicated of the facts, admitted by Wilson, that he did intend to impose the mortgage on the 40 acres owned in fee by him, and that the mortgage debt had not been paid by him. Apart from this last-mentioned circumstance, it is clear from the present record that Wilson knew of the mistake in description, and that he knew of the proceedings to foreclose the mortgage under the power. Appellant's action on the note, instituted July 31, 1905, came on for trial in the Coffee circuit court on October 5, 1905. The transcript of the record of the judgment for plaintiff in that cause recites that the parties to the cause were present "in person and by their attorneys"; that the plaintiff then amended his "complaint by showing credit of $200 of date April 17, 1905, and, issue being joined," the jury returned a verdict for the plaintiff for $185.53, which was the difference between the stated credit and the amount demandable under the note executed to Peacock by the Wilsons and assigned to appellant. The complaint as amended bore this:

"The plaintiff admits a credit of $200 realized from the sale of the lands conveyed by mortgage executed by defendant on January 7, 1903, to secure said note on April 17, 1905."

The note referred to in the quoted amendment was the note declared on in that ac-

tion, and the date last mentioned was the date of the foreclosure sale. Wilson having, as indicated, received the competently, judicially conferred benefit of the stated credit on the mortgage debt, resulting from the unimpeached foreclosure thereof under the power to that end, and the mortgage debt having been competently, conclusively, judicially extinguished to the extent of the credit so derived and made effective, he (Wilson) became thereby estopped to subsequently invoke the reformation of the mortgage, the foreclosure of which, according to the power of sale therein conferred, produced the sum thus credited on the mortgage debt. To permit the belated reformation sought would subvert the legal, conclusive effect of a valid judgment predicated, in amount, of the theretofore accomplished fact of a completed foreclosure of the mortgage, as well as to sanction, to the advantage of Wilson, a repudiation of acts upon which the appellant, plaintiff in the mentioned suit, relied, and, so relying, conformed his conduct in a tribunal which had jurisdiction of both the parties and the subject-matter. Under familiar principles, Wilson cannot be permitted to take the benefit of the judicially concluded credit upon the debt then belonging to appellant, resulting from the foreclosure under the power in the mortgage, and repudiate, in any degree, the proceeding that produced that credit. Elementary principles of justice forbid it. The doctrine applicable is stated or illustrated in these, among other, authorities, though presenting, of course, different facts and circumstances: 10 R. C. L. p. 694; Sloan v. Frothingham, 72 Ala. 589; Brewer v. Nash, 16 R. I. 458, 17 Atl. 857, 27 Am. St. Rep. 749; Durr v. Wilson, 116 Ala. 125, 133, 22 South. 536; Maple v. Kussart, 53 Pa. 348, 91 Am. Dec. 214.

The result is that the decree appealed from, dated September 24, 1918, is erroneous in the particular that it awards cross-complainants (appellees) the reformation prayed; and to that extent it is reversed. The decree is affirmed in all other respects. The cause is remanded, to the end that the court below may give effect to this opinion and award the original complainant the partition prayed.

Affirmed in part, reversed in part, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

---

[1] 200 Ala. 187.