(90 South. 285)

### WILSON v. HENDERSON. (4 Div. 925.)

(Supreme Court of Alabama. Oct. 13, 1921.)

**1. Appeal and error ⬅909(2)—Statement in register's report of sale that it was had on date advertised presumed correct.**

It must be presumed, in the absence of a showing to the contrary, that a statement, in the register's report of a sale in lieu of partition, that it was made on the day advertised for the sale, is a correct statement of the fact.

**2. Appeal and error ⬅524, 837(10)—Copy of paper not introduced in evidence not proper part of record and not considered.**

On appeal from a decree confirming a register's report of sale, a copy of a paper appearing in the transcript and purporting to be the advertisement of sale, but not introduced in evidence, is no proper part of the record, and cannot be considered.

**3. Appeal and error ⬅909(2)—Report of sale not overcome by papers showing advertisement of sale for different date.**

Where the register's report of a sale, made in lieu of partition, stated that the sale was made April 12th, and that this was the day advertised for the sale, a paper, purporting to

be the advertisement of a sale to be made on April 5th, even if properly in the record so as to be considered, does not destroy the presumption of the correctness of the statement in the report, but only requires an inference that the register changed his mind as to the date on which the sale should be made.

**4. Partition ☞107 — Wife attacking sale for inadequate price should show lack of complicity in husband's chilling bidding.**

Where at a sale in lieu of the partition of land, in which plaintiff had acquired the interest formerly owned by defendant's husband, the husband denounced the proceeding as fraudulent, informed persons present that the purchaser would take nothing by his purchase, and made demonstrations of hostility having the effect of intimidating prospective purchasers, defendant has the burden, on exceptions to the report of sale attacking the selling price as inadequate, of showing her lack of complicity in her husband's conduct.

**5. Partition ☞107—If husband's chilling bidding was with wife's approval, she cannot complain of price obtained.**

Defendant cannot complain that a sale of land in lieu of a partition did not bring a better price if her husband's conduct at the sale in denouncing the proceeding as fraudulent, informing persons present that the purchaser would take nothing by his purchase, and making demonstrations of hostility, intimidating prospective purchasers, was with her approval.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Suit by J. E. Henderson against Lizzie Wilson, relative to the title to certain land, out of which grew a decree of sale. From the decree confirming the register's report of sale, Lizzie Wilson appealed. Affirmed.

J. A. Carnley, of Elba, for appellant.

The court will review the report of the register, without presumption of the correctness of the finding in the lower court. 105 Ala. 240, 16 South. 720. The following authorities direct what is proper under the circumstances here: Sections 2642 and 5226, Code 1907; 97 Ala. 584, 12 South. 106; 87 Ala. 442, 6 South. 301; 67 Ala. 318; 5 Pomeroy, 4822. See, also, 2 Ala. 256, 36 Am. Dec. 415; 69 Ala. 80; 132 Ala. 651, 32 South. 718; 108 Ala. 140, 18 South. 938; 86 Ala. 455, 5 South. 772; 136 Ala. 584, 34 South. 28; 201 Ala. 628, 79 South. 190.

W. W. Sanders, of Elba, for appellee.

The register's report is presumed to state the facts. 168 Ala. 354, 52 South. 946. The assumption is the court having heard the testimony, that its decree is correct. 201 Ala. 303, 78 South. 83; 78 South. 932; 16 Ala. App. 648, 81 South. 140. No guaranty is given or offered that a resale will bring a higher price. 55 Ala. 583; 24 Cyc. 39; 168 Ala. 354, 52 South. 946.

SAYRE, J. The prior history of this litigation may be seen in 200 Ala. 187, 75 South. 935, and 203 Ala. 474, 83 South. 484. This appeal is from a decree overruling exceptions to the register's report of a sale made in lieu of partition. Two questions are presented for review.

[1-3] In the first place appellant, defendant below, alleges that the sale was not made on the day advertised. Sale was made on April 12, 1920. In the transcript there appears, as of date March 1, 1920, a copy of a paper purporting to be the register's advertisement of a sale to be made on April 5, 1920. But the register's report of sale, date April 12, 1920, shows that it had been made on the same day, "the day advertised for the sale," and it must be presumed, in the absence of a showing to the contrary, that the register's report correctly stated the fact. The copy of the paper found in the transcript shows nothing to the contrary. It is no proper part of the record, nor was it introduced in evidence. If, however, it might be considered at all, it would only require an inference that the register had changed his mind as to the date on which the sale should be made.

[4, 5] In the next place appellant contends, in line with exceptions noted against the report of the sale, that the property sold for an amount greatly less than its real value. Schloss-Sheffield Co. v. Borden, 201 Ala. 628, 79 South. 190. We would be disposed to accede to this contention and its proper result but for the facts now to be stated. As will appear from the report of this case referred to at the outset of this opinion, appellee had become the owner of an undivided half interest in the land in question—the interest of W. J. Wilson, appellant's husband—by the purchase of a mortgage, its foreclosure, and judicial proceedings in confirmation thereof. Appellant and her husband had made common cause against appellee's claim of interest in the land. Appellant's husband appeared at the sale, denounced the proceeding as fraudulent, informed persons present that the purchaser would take nothing by his purchase, and made demonstrations of hostility which appear to have had the effect of intimidating prospective purchasers who attended the sale with a view to bidding on the property. These facts were made known to the court at the hearing of appellant's exceptions to the report of sale; but they elicited no explanation from appellant. Considering appellant's relation to W. J. Wilson, their relations to this litigation at its several stages, and the circumstances attending the sale, but without intimating that the wife may in any case be held responsible for the wholly unauthorized and unapproved conduct of the husband,

we hold that at least the circumstances set forth sufficed to put upon appellant the burden of showing her lack of complicity in that conduct of her husband of which she now complains, and, of course, if, with her approval, his conduct on that occasion caused prospective bidders to stand aloof, and so prevented the property bringing a better price, she cannot now be heard to complain of the result. Helena Coal Co. v. Sibley, 132 Ala. 651, 32 South. 718.

So upon the whole we feel constrained to make a decree affirming the action of the trial court.

Affirmed.

ANDERSON, C. J., and THOMAS, and MILLER, JJ., concur.