69 So.2d 280

**BARKSDALE v. BEASLEY.**

**4 Div. 651.**

Supreme Court of Alabama.

Oct. 29, 1953.

Rehearing Denied Jan. 14, 1954.

L. A. Farmer, Dothan, for appellant.

J. Hubert Farmer, Dothan, for appellee.

LIVINGSTON, Chief Justice.

On former appeal in this case, this court affirmed a judgment of the Circuit Court of Houston County, Alabama, in Equity, overruling appellant's demurrer to a bill of complaint filed by the appellee. Barksdale v. Jordan, 253 Ala. 199, 43 So. 2d 406. See the report of that case for a statement of the facts up to that time.

The object of the bill on first appeal, as is the case here, was to remove a cloud on the title to a certain tract of land therein discribed. The appellant in that case, who is also the appellant on this appeal, claimed the lands involved through a sheriff deed executed to her on November 23, 1942.

On the former appeal, it was pointed out by this court that the pleadings did not show whether execution had been issued or certificate of judgment had been recorded when the judgment debtor conveyed the property back to the plaintiff and that, therefore, the appellant did not show a prior right as purchaser at an execution sale on the principle that the sheriff deed related back to the date of the lien on account of a judgment. After the affirmance here, Mrs. Barksdale, the appellant in the former appeal, filed an answer and a cross bill to the original bill of complaint in which she made it appear that the judgment against Bill Jordan and his wife, to satisfy which the sheriff sold the property here involved and which she purchased, was recorded in the office of the Judge of Probate of Houston County, Alabama, the county in which the lands involved were situated, before Bill Jordan and his wife reconveyed the land to John D. Jordan. The original bill of complaint was also amended to show that John D. Jordan executed and delivered the deed to the lands involved to Bill Jordan upon his agreeing to take care of, maintain, and support, his father, John D. Jordan, during his lifetime; and that appellant, Mrs. Barksdale, the daughter of John D. Jordan and the sister of Bill Jordan, knew at all pertinent times the consideration moving from Bill Jordan and his wife to John D. Jordan for the deed of conveyance; and, further, that the said

Mrs. Barksdale knew that the said Bill Jordan and his wife had not performed the contract as agreed at the time the judgment was recorded, and that at the time she purchased at the sheriff's foreclosure sale she knew that Bill Jordan had reconveyed the lands to his father. Pending this litigation and after affirmance here on the former appeal, John D. Jordan died, and Montee E. Beasley was duly appointed executrix of the estate of said John D. Jordan, deceased. On motion, the cause was revived in the name of Montee E. Beasley, as Executrix of the Estate of John D. Jordan, Deceased.

Before John D. Jordan died, but after suit was instituted by him, he sold the lands here involved, a part to Montee E. Beasley, a part to E. D. Dawsey, and a part to Collis C. Watford. E. D. Dawsey, who purchased about 300 acres of the lands involved, executed and delivered to John D. Jordan a purchase money mortgage to secure a part of the purchase price of the lands purchased by him. This mortgage was unpaid at the time John D. Jordan died.

After John D. Jordan died and after the suit had been revived in the name of Montee E. Beasley, as Executrix of the Estate of John D. Jordan, Deceased, the appellant, Mrs. Barksdale, again amended her cross bill and made Montee Beasley, E. D. Dawsey, Collis C. Watford, and all the heirs at law of John D. Jordan, deceased; namely, Montee E. Beasley, Inez Peterman, Bill Jordan, children of John D. Jordan, deceased, and Bill Jordan's wife, Daisy Jordan, parties respondent to her cross bill.

The trial court entered a decree to the effect that the sheriff's deed conveying the lands involved to appellant is a cloud on the title to the real estate involved in this suit and ordered the same cancelled of record.

Assignment of error number one is not argued in brief and is, therefore, waived.

The first argued assignment of error takes the point that the suit was erroneously revived in the name of Montee E. Beasley, as the Executrix of John D. Jordan, Deceased.

The assignment is without merit because the removal of a cloud on the title to real estate by the personal representative, under the facts of this case, is necessary to the complete exercise of her statutory authority. Moragne v. Doe, ex dem. Moragne, 143 Ala. 459, 39 So. 161, 111 Am.St.Rep. 52; Wilson v. Kirkland, 172 Ala. 72, 55 So. 174; Title 7, § 151, Code 1940; Equity Rule 35, Code 1940, Tit. 7 Appendix.

A purchaser at execution sale is bound by the rule of caveat emptor. Such purchaser acquires only such interest as the defendant in execution had, subject to all pre-existing equities in favor of third parties against the defendant; and the sheriff's deed gives him no higher right against them than if he bargained for and obtained a quitclaim deed from the execution defendant. Clemmons v. Cox, 114 Ala. 350, 21 So. 426; Figh v. Taber, 203 Ala. 253, 82 So. 495. This rule is sometimes limited by statute not here pertinent. Tennessee Coal, Iron & Railroad Co. v. Gardner, 131 Ala. 599, 32 So. 622.

The trial court found, in effect, that appellant, Mrs. Barksdale, purchased the lands involved in this suit at a sheriff's sale with full knowledge of the limited interest which her brother, Bill Jordan, had in said lands, by virtue of the agreement with their father, John D. Jordan. The evidence affords conflicting inferences as to that question, but after a careful consideration of it, we are in accord with the decree of the trial court.

Appellant makes some argument that she should be reimbursed for the price she paid for the lands at the sheriff's sale. The rules above allude to refute this argument.

We find no error to reverse and the cause is affirmed.

Affirmed.

SIMPSON, GOODWYN, and CLAYTON, JJ., concur.