EMBRY, Justice
(dissenting):
I respectfully dissent.
This case is before this court for the second time. On the previous appeal, from a judgment ordering a sale for division of certain lands, a plurality of the court affirmed. See Hicks v. Hicks, 348 So.2d 1368 (Ala.1977).
A sale at public auction was then conducted by the clerk of the circuit court after proper advertisement according to law. The clerk reported to the trial court that the land was sold to one Paul Bryant, Jr., for the sum of $50,000, which the clerk reported as being the reasonable cash market value of the land, in his best judgment.
In my judgment, the only issue for review is whether, under the facts of this particular case, the trial judge abused his discretion when he confirmed the sale for division.
Doris Lester Hicks prevailed in her contention that she was entitled to require a *864 sale for division of the entire tract of land although the other parties in interest had offered to allow her to select any 240 acre portion of it (a one-sixth interest). Upon sale, she is entitled to receive one-sixth of the sale price. See Hicks v. Hicks, supra.
One representing her attended the bidding but made no bid in her behalf. She, Doris, made no attempt to notify prospective bidders and procure their attendance at the sale. The public sale of the timberland was attended by those in the business of buying and selling that type land, approximately ten in number. The only bid made, in the amount of $50,000, was not by a stranger to the proceedings. Doris, nor anyone on her behalf, made any effort to notify the post-sale bidder of the sale or to secure his presence at the bidding. At the hearing on the objection to confirmation and motion to set aside the sale the evidence was disputed on the question of the adequacy of the sale price of $50,000 for the land; that is to say, whether $50,000 represented the fair market value of the land, or less or more than its value.
In actions for judicial sale of real property for division of the proceeds among joint owners or tenants in common, confirmation of such sales rests in the wise discretion of the trial court to be exercised according to the rules established by statutes and case-law; further, that discretion will not be revised except for abuse in exercising it. Section 6-9-147, Code 1975. Martin v. Jones, 268 Ala. 286, 105 So.2d 860; Spence v. Spence, 239 Ala. 480, 195 So. 717.
Where the purchaser at a judicial sale is not a stranger to the proceedings, the sale will be confirmed if the bid price is measurably adequate, or not greatly less than its market value even though an offer is made to bid a much larger sum at resale; and, on review of an ore tenus case dealing with a sale of land for division the evidence is not weighed as to its reasonably satisfying effect on the issues tendered; rather, in considering it, all favorable presumptions are indulged to sustain the trial court’s conclusions. Those conclusions will not be disturbed unless they are palpably erroneous or manifestly unjust. Sanford v. Sanford, 355 So.2d 365 (Ala.1978).
Appellant, Doris Hicks, contends there was abuse of discretion in confirming the sale for the reasons made the grounds of objection and of the motion to set aside the sale, set out earlier in the majority opinion.
The trial court, in its judgment confirming the sale, concluded from the evidence at the confirmation hearing that there was no showing that the sale was infected with fraud, oppression, irregularity, or error, that even if Paul W. Bryant, Jr., be considered a party, his offer of $50,000 appeared to be a bona fide one under the evidence and did not raise an inference or presumption of fraud; that the issue of confirmation should be decided with a view to fairness and regard to the rights of all concerned; that the sale was open to the public; that all parties and strangers had a fair right to bid; that the sale determined what a willing purchaser would pay a willing seller; that the real value of the property was fairly established when sold by the clerk of the court, and to set aside the sale because of the offer (of $125,000) made in open court at the confirmation hearing by Doris Hicks’ counsel would be unfair to defendants.
The conclusions regarding actual value reached by the trial court were based upon conflicting opinion evidence of value ranging from $100,000 — $150,000 down to $50,-000 — less than $50,000. The trial court determined, as it had the right, that the $50,-000 figure, under the evidence, more accurately reflected the fair market value of the land than did the $100,000 — $150,000 figure.
Having made that determination, the sale was due to be confirmed even though the purchaser was not a stranger to the proceedings because the finding necessarily was that the price was measurably adequate and not greatly less than market value in spite of the post-sale higher bid. Sanford v. Sanford, supra.
No doubt, refusal of the trial court to set aside the sale because of the $125,000 post-sale offer made in open court by plaintiff’s (Doris Hicks’) counsel on the basis that to *865 do so would be unfair to defendants was founded on the evidence that not only was Doris Hicks represented at the sale, and no bid made in her behalf, neither was any effort made to notify the post-sale bidder of the prior public sale and to procure his presence there. It follows that within the province of the trial court’s discretion was the conclusion that inadequacy of price, if any, paid at the public sale could properly be attributable to plaintiff, Doris Hicks, and she would not be permitted, after sale, to contend that the land was not sold for its fair value. See Wilson v. Henderson, 206 Ala. 472, 90 So. 285 (1921), and Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718 (1902).
There was no abuse of discretion upon the part of the trial court when the judgment of confirmation was entered, therefore I would affirm the judgment.
ALMON and BEATTY, JJ., concur.