# Bottoms v. Dykes.

## Bill in Equity to Enforce Vendor's Lien.

1. *Vendor's lien; abatement of purchase money.*—Where, in a suit to enforce a vendor's lien, the deed of conveyance is void as to a part of the land attempted to be sold on account of indefiniteness and uncertainty in its description, the defendant is not entitled to an abatement of the purchase price to the extent of said land, notwithstanding he files an answer in the nature of a cross-bill, in which he attempts to identify the said lands intended to be conveyed.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by James Bottoms against James E. Dykes ; and sought to enforce a vendor's lien on certain lands described in the bill of complaint, alleged to have been sold to the defendant. The facts on this appeal are substantially the same as those disclosed on the former appeal of the case, and found reported in the 101 Ala. 390. It is not deemed necessary to again set out these facts in detail.

The appeal is prosecuted by the complainant from a decree of the chancellor allowing an abatement of the purchase price, to the extent of the value of the five acres in section 29, and the six acres in section 28. With reference to this portion of the decree, the facts are sufficiently stated in the opinion.

BORDERS & CARMICHAEL, for appellant, cited *Dykes v. Bottoms*, 101 Ala. 390 ; *Bradford v. Bradford*, 66 Ala. 252.

H. H. BLACKMAN, *contra*, cited *Meyer Bros. v. Mitchell*, 75 Ala. 475 ; *Chambers v. Ringstaff*, 69 Ala. 140 ; *Driggers v. Cassady*, 71 Ala, 529 ; *Black v. Coal & Coke Co.*, 85 Ala. 509; *Black v. Tenn. C., I. & R. R. Co.*, 93 Ala. 109.

HARALSON, J.—This case was here on a former appeal. The bill was filed to have a vendor's lien on land declared and enforced. The entire defense was to have

an abatement of the purchase money, to the extent of
the value of eleven acres of the land sold, five acres in
one section, 29, and six acres in another—section 28.
The facts on this appeal are not materially different from
those presented on the former, and on which this court
decided all that is now, on the present record, presented
for review. We then held, that as for the five acres in
section 29 the respondent was entitled to an abatement
of the purchase money, to the extent of its value ; and,
that as to the six acres in section 28, the deed of the
complainant to the respondent was void for uncertainty
of description ; that it simply described it as "a portion
of the N. W.$\frac{1}{4}$ of N. W.$\frac{1}{4}$ and a part of S. W.$\frac{1}{4}$ of N. W$\frac{1}{4}$
of sec. 28," in T. 17, R. 25, without specifying any number
of acres; that the particular parts of said section 28 intend-
ed to be sold could not be ascertained ; that they had no
landmarks, which would enable a surveyor to find the
land, and that it did not come within the maxim, "*Id
certum est, quod certum reddi.*"—*Dykes v. Bottoms*, 101
Ala. 390 ; *Black v. Tenn. C. I. & R. R. Co.*, 93 Ala. 109 ;
*L. & N. R. R. Co. v. Boykin*, 76 Ala. 560 ; *Wilkinson v.
Roper*, 74 Ala. 141.

When the cause, on reversal, returned to the chancery
court, the court allowed the respondent to file an amend-
ed answer in the nature of a cross-bill, in which he un-
dertook to identify the particular six acres of land in said
section 28, which he understood to be conveyed to him
by said deed, and thereby to make an attempt to make
that certain, which we held could not be done.

The learned chancellor evidently overlooked, for the
time, the fact, that the respondent did not seek a can-
cellation of the deed and a return of the purchase money,
or a reformation of the deed, but his purpose was to
hold the land under a deed recognized by him to be
valid, and claim simply an abatement of the purchase
money, and that under a clause of the deed declared by
this court to be *void*. It is unnecessary to repeat here
what we said on this question in our former opinion.
No amount of averment and proof could make said deed
certain to that six acres, and the effort to do so should
have fallen on the objections interposed by the com-
plainant.

The decree of the court below would have been correct
if no mistake was made in the calculations, except for the

abatement of $200, the ascertained value of the six acres of land which was improperly allowed.

In the record before us, it is stated that there are 160 acres of land, whereas, the land numbers given show only 120. The answer admits 160 acres. Lest some injustice may be done by rendering a decree here, we will reverse and remand the cause.

Reversed and remanded.