# *Ex Parte* Colvert.

## *Mandamus*.

(Decided May 12, 1914. Rehearing denied June 24, 1914. 65 South. 964.)

1. *Equity; Trial by Jury.*—In his discretion, the Chancellor may submit to a jury controverted issues of fact, and may empanel the jury himself or certify the questions to a law court for trial by jury.

2. *Same; Review; Jurisdiction of Equity.*—Where the Chancellor certifies to a law court questions for trial by jury, a party aggrieved by the verdict must have the particulars wherein he supposes himself injured on the trial in the law court certified by the presiding judge thereof to the chancery court, and make such certificate or certified exceptions the basis of a motion for relief before the Chancellor.

[Ex Parte Colvert.]

3. *Same; New Trial.*—Where the Chancellor directs the trial of the issues of fact by the jury he must set aside the verdict and order a new trial; but the application for new trial must be made to him.

4. *Same; Issues.*—Where a court of chancery directs a suit at law the court of law has power to render judgment and settle all issues involved in the case, but this rule does not apply where only an issue is sent by the court of chancery to a law court for trial.

5. *Wills; Contest; Trial by Jury.*—Where the validity of a will is contested under section 6207, Code 1907, the Chancellor must, on seasonable demand, by either party, as .a matter of right submit issues of fact to a jury as required by section 6209, Code 1907, and the jury may be empaneled by him, or he may direct the issues to a court of law for trial by jury.

6. *Same.*—Where a jury was regularly demanded in a suit to contest the validity of the will, and the Chancellor directed a trial of the issues by a jury in the court of law, the chancery court may award a new trial upon application properly made to it.

7. *Same.*—Where the issue devisavit vel non is tried by a jury and the verdict is made the basis of a final decree of the chancery court, on an appeal from such decree, the court will consider any exceptions properly reserved by bill of exceptions during the trial by jury.

8. *Appeal and Error; Questions Reviewable.*—An order of the Chancellor setting aside the verdict of the jury on issues submitted, demanded by a party to the proceedings and ordering a new trial, will not support an appeal.

9. *Same.*—The right to appeal from orders granting or refusing a new trial in civil cases is wholly statutory.

ORIGINAL petition in Supreme Court.

Petition by Mary O'Rourke Colvert to compel the chancery court of Jefferson county to vacate an order setting aside the verdict of a jury rendered in a will contest.   Writ denied and petition dismissed.

GASTON & PETTUS, for appellant.   The complainant is entitled to some relief, and if the order of the court is not a final decree which will support an appeal, then she is entitled to the alternate writ of mandamus.— *Bridgeport I. Co. v. Bridgeport L. Co.,* 104 Ala. 276. Mandamus is the proper remedy.—*Broyles v. Maddox,* 43 Ala. 357; *Ex parte Jones,* 55 South. 491.   The verdict of the jury is not binding upon the chancellor.—*Matthews v. Forniss,* 91 Ala. 612.   The proper practice in a

case of this character is found in § 3201, Code 1907, elaborated by Judge STONE in *Adams v. Munter,* 74 Ala. 338. The jury trial in this case was ordered under § 6207 and 6209, Code 1907, as a matter of right upon the issue of devistavit vel non.—*Hill v. Barge,* 12 Ala. 693; *Adams v. Munter, supra; Rice v. Tobias,* 83 Ala. 348.

JOHN T.. GLOVER, for appellee. The application for a new trial must be made to the court in which the case was tried, and in the circumstances of this case must be made to the chancery court and not to the law court. —16 Cyc. 426; 29 Cyc. 922; 101 U. S. 247; *Alexander v. Alexander,* 5 Ala. 517.

DE GRAFFENRIED, J.—This is an original application to this court for a writ of mandamus addressed to the chancery court of Jefferson county ordering said court to vacate an order of said court setting aside the verdict of a jury.

The facts, in short, are the following: An instrument, purporting to be the last will and testament of W. R. O'Rourke was duly probated in the probate court of Jefferson county, Ala. Within a year after that period a bill of complaint was, under the provisions of section 6207 of the Code of 1907, filed in the chancery court of Jefferson county to contest the validity of the will. When the bill was filed a trial of the issue devisavit vel non by a jury was regularly demanded. The chancery court made an order that this issue should be tried by a jury in a court of law, which was done. The jury which tried the issue in the law court returned a verdict invalidating the will. During the progress of the trial in the law court the respondents to the bill reserved a bill of exceptions wherein they set forth the

particulars in which they felt themselves injured by the rulings had upon that trial. This bill of exceptions was filed in the chancery court, and was made the basis, by the respondents, of a motion filed in the chancery court to award them a new trial. The chancellor granted the motion for a new trial, and this proceeding is had for the purpose of requiring the chancellor to vacate the order granting the new trial and to render a decree following the verdict invalidating the will. The sole question, then, is: Did the chancellor have the power to set aside the verdict and order another trial of the issue devisavit vel non by a jury? This question has never been determined by this court, and is not free from difficulty.

1. It is, of course, a familiar proposition that on doubtful or controverted issues of fact the chancellor, without regard to any of our statutes, may, in his discretion, call for the verdict of a jury. In such case he may himself impanel the jury or he may certify the questions about which there is doubt or conflict to a law court to be tried by a jury.—*Adams v. Munter & Bro.*, 74 Ala. 338.

In all such cases, undoubtedly, the proper practice is for the aggrieved party to have the particular wherein he supposes himself injured on the trial in the law court certified by the presiding judge of such law court to the chancery court and to make "that certificate, or the certified exceptions, the basis of a motion for relief before the chancellor."—*Adams v. Munter & Bro., supra.*

In such a case the chancellor certainly has the power to set aside the verdict of the jury and to order a new trial of the issues.—*Adams v. Munter & Bro., supra.*

If either party is dissatisfied with the verdict, an application should be made for a new trial, "not to the court in which the issue is tried, but the court of chan-

cery in which the cause is pending."—*Alexander v. Alexander*, 5 Ala. 517.

2. When the validity of a will is contested in chancery under the provisions of section 6207 of the Code of 1907, then, under the construction which this court has placed upon section 6209 of said Code, a trial by jury, upon seasonable demand of either of the parties for a trial of the issue devisavit vel non by a jury, becomes a matter of right.—*Mathews v. Forniss*, 91 Ala. 157, 8 South. 661; *McCutchen v. Loggins*, 109 Ala. 457, 19 South. 810.

In such a case the chancellor, as in all other cases in which he submits an issue of fact to the determination of a jury, may impanel a jury and have the issue determined in his own court, or he may direct the issue to be tried by a jury in a court of law.—Code, 1907, § 6209.

It would seem, therefore, that the same rules of procedure must govern every case in which the trial by jury is had of doubtful or controverted issues of fact arising in a suit in chancery regardless of the question as to whether the chancellor has a *discretion* as to ordering a jury trial or whether he is without discretion in so ordering it. Our statutes on the subject now under consideration were adopted in the light of the above rules of chancery governing the trial by jury of disputed and doubtful issues of fact, and in the light of those rules those statutes must be construed. In so far as the law court in which, under the direction of the chancery court, the issue devisavit vel non is tried is concerned, we find nothing in any of our statutes which confers upon it any power whatever as to granting of a new trial, nor do we find that any of our statutes have conferred upon a law court trying such an issue any more authority or power over a verdict rendered upon such an issue than it possesses over any other verdict render-

ed by one of its juries upon any other question of disputed fact certified to it for trial by a court of chancery. "If either party is dissatisfied with the verdict an application [for a new trial] should be made, *not* to the court in which the issue is *tried,* but to the court of chancery in which the cause is pending," was a general rule governing *all* jury trials of issue of fact in chancery cases long before any of our statutes on the subject now under consideration were enacted, and we see no way of escaping the proposition that, in the instant case, the application for a new trial was properly made to the chancery court, and that it is certainly within the power of the chancery court to award new trial in such cases. —*Alexander v. Alexander, supra,* and cases therein cited.

3. In the present case the order of the chancellor setting aside the verdict and ordering a new trial was an interlocutory order, and his action in the premises certainly at this stage of the proceedings presents nothing to us for review. When a final decree is rendered in the cause the bill of exceptions upon which the chancellor awarded the new trial will form a part of the record, and, if an appeal is then taken from such final decree, the question will then be presented to this court as to whether this court has jurisdiction to review the ruling of the chancellor in that regard.—*Alexander v. Alexander, supra.*

It does not follow that one who is entitled to a trial by jury as a matter of right is entitled to appeal from an order setting aside the verdict of a jury in his favor. —*Selby Iron Co. v. Cobb & Lewis,* 55 Ala. 636.

The appeals which are entertained by this court from orders granting or refusing to grant new trials in civil cases in actions at law are of statutory creation.—*Johnson v. State,* 87 Ala. 39, 6 South. 400.

Of coure, when the issue devisavit vel non is tried by a jury and the verdict of the jury is made the basis of a final decree of the chancery court, then this court, upon appeal from such decree, will consider any exceptions which were properly reserved by bill of exceptions during the trial of the issue by the jury.—*Mathews v. Forniss, supra; McCutchen v. Loggins, supra.*

4. A simple illustration will, we think, make plain the integrity of the above conclusions: Suppose, when the bill in the instant case was filed, *no* demand for a trial of the issue devisavit vel non had been, within the time prescribed by law, made by either party. In that event, while a trial by jury of the issue devisavit vel non would not have been a matter of *right* in either party, *nevertheless* the chancellor, by virtue of the power inherent in the chancery court, could have ordered a trial by jury of this *very issue and in the identical court in which it was, in fact, tried.* In *that* event beyond doubt the *chancellor* and the chancellor *only,* would have possessed the power to set aside the verdict and order a new trial.—*Alexander v. Alexander, supra; Adams v. Munter & Bro., supra.* Certainly the mere fact that the jury trial, because it was seasonably demanded, rested in the party demanding it as *matter of right,* instead of in the discretion of the chancellor, cannot alter the procedure necessary to a *proper* and *legal* ascertainment by a jury of the issue. Under the system of English jurisprudence the right to set aside the verdict of a jury in all civil matters has always resided somewhere. The power to set aside the verdict of a jury called upon to try a controverted and doubtful issue of fact certified by a chancellor to a law court for trial never did reside in the judge of the law court, but always resided in the chancellor before whom the cause was pending.— *Alexander v. Alexander, supra.*

Our statutes, as already stated, give our law judge no more authority over the verdict of a jury trying the issue "devisavit vel non" when certified by a chancellor for trial by a jury than over the verdict of a jury which may try any other controverted and doubtful issue of fact properly certified by a chancellor for trial, and the conclusion seems to be irresistible that the chancellor, and the chancellor only, may, when the question is brought properly before him, set aside the verdict of a jury which has upon his certification to a law court tried the issue devisavit vel non, whether that jury trial was or was not a matter of right in the parties to the cause.—*Alexander. v. Alexander, supra;* Daniells, Chancery Practice (6th Am. Ed.) pp. 1120-1135.

5. It sometimes happens that a court of chancery directs a suit at law, as for instance an action of ejectment, to be brought and tried. In such a case the court of law has power to render *judgment* and thus settle *all* the issues involved in the *case* so brought. In such a case the court of law is the proper forum to pass upon the question as to whether the verdict of the jury shall or shall not be set aside. This is *never* true, however, where an *issue*—as in this case—is sent to a law court for trial.—Daniells, Chancery Practice (6th Am. Ed.) p. 1135, n. 10.

6. It follows from what we have above said that, in our opinion, the petitioner is not entitled to the writ of mandamus prayed for, and the petition is dimissed.

Mandamus denied, and petition dismissed.


ANDERSON, C. J., and McCLELLAN and SAYRE, JJ. concur.