# Robinson v. Inzer, et al.

### Partition.

(Decided December 16, 1915. Rehearing denied February 3, 1916.
70 South. 717.)

**Equity; Jury Trial; Conclusiveness.**—Where the action in equity was by a complainant, who had been a successful plaintiff in an ejectment suit, for a sale for division of land recovered in the ejectment suit, and the respondent was the former unsuccessful defendant in the ejectment suit, and the respondent set up a hostile claim, and demanded a jury trial, which was conducted on the law side of the court, and resulted in a verdict for respondent because of an error in excluding the judgment in ejectment as evidence on the trial, and on motion of the complainant made before the chancellor such verdict was set aside, and a decree rendered for complainant as to the contested issues, such action was proper where the decree rendered was without prejudice to defendant, as there was no disputed issues of fact to support the verdict, the jury trial being but a part of the chancery proceeding, and the ejectment judgment being res judicata as to the matters submitted.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Bill by H. J. Inzer and others, against H. C. Robinson, for a sale of land for division. Decree for complainants, and respondent appeals. Affirmed.

EMBRY & EMBRY, and STOKELY, SCRIVNER & DOMINICK, for appellants. INZER & INZER, J. W. INZER, and J. P. MONTGOMERY, for appellee.

SOMERVILLE, J.—In the case of *Coleman v. Stewart*, 170 Ala. 255, 53 South. 1020, it was ruled that a former judgment in ejectment fixing the respective interests of tenants in common in land was conclusive of the title to such interests on an application for the sale of land for division. The same question is presented here, and we are now urged to overrule the decision in *Coleman v. Stewart*, as being out of harmony with the general principles of law which govern ejectment and the determination of titles in this state.

Much may be said, and is said by counsel, in derogation of the validity of that ruling. Nevertheless, we do not see any suf-

ficient reason for overruling a decision which seems to have been made upon very deliberate consideration, and the principle of which was explicitly declared as far back as the case of *Shumake v. Nelms,* 25 Ala. 126, 135, and reaffirmed by a general dictum in the case of *Lyons v. Stickney,* 170 Ala. 134, 141, 54 South. 496. We must therefore adhere to our former opinion.

It appears that in the present proceeding, which is a bill by a successful plaintiff in ejectment for a sale for division of the land—the former defendant in ejectment being made a party respondent, as owner of an uncontested interest therein—said respondent set up his hostile claim against complainant, and demanded a trial of the disputed title by jury. The issue was submitted to a jury in a trial on the law side of the same court, and a verdict was returned for the respondent. On motion of the complainant, this verdict was set aside and disregarded, and a decree was rendered in favor of complainant as to the contested interest. It is insisted that the court erred in not again submitting the issue of title to a trial by jury instead of proceeding at once to a final decree.

It is clear that on this jury trial the proof of the former judgment in ejectment, wherein the same title and the same issues of fact were concluded against the respondent, would have required a verdict for the complainant, on the principle of res judicata. This being true, and there being no disputed issue of fact to be tried, the chancellor did not err prejudicially to the respondent in disregarding the verdict, which was the result of patent error in excluding the ejectment judgment as evidence on that trial, and rendering a decree in accordance with the law as applied to the undisputed facts.

The jury trial on the law side of the court was not an independent trial, but was a part of the chancery proceeding, and the verdict was subject to the revisory power of the chancellor. —*Ex parte Colvert,* 188 Ala. 650, 65 South. 964. And, conceding that the respondent was entitled to a jury trial upon the merits of his asserted title, he was not prejudiced by its denial in this case.

The decree being correct, it will not be reversed for technical error.

Affirmed. All the Justices concur.