(119 So. 662)

**KARTER v. EAST et al.** (6 Div. 125.)

Supreme Court of Alabama. Jan. 17, 1929.

 

F. E. St. John and Emil Ahlrichs, both of Cullman, for appellant.

Earney Bland, of Cullman, and A. J. Harris, of Decatur, for appellees.

ANDERSON, C. J. ▮▮▮ This bill was filed for a partition of certain land, and the appellant set up an adverse claim to the land, and a jury was demanded to try the title, as authorized by section 6635 of the Code of 1923. The chancellor or judge of the equity side of the court submitted the issue to a jury regularly drawn and impaneled for the law term or side of the circuit court. Section 6631 of the Code of 1923. There seems to have been a distinction drawn in the past as to the effect of the verdict of a jury in equity cases upon the chancellor when either party is entitled to a jury and when they are not entitled, but the chancellor directs one to aid him in passing on certain facts or issues. Mathews v. Forniss, 91 Ala. 157, 8 So. 661. True, in the case at bar, the parties had the right to demand a jury; yet the verdict on the law side of the court was subject to the adoption or revision of the chancellor or judge of the equity side of the court. In other words, the verdict or judgment of the law court was not final. It was not an independent trial, but was a part of the chancery proceedings, and the verdict was subject to the revisory power of the chancellor. Robinson v. Inzer, 195 Ala. 491, 70 So. 717; Ex parte Colvert, 188 Ala. 650, 65 So. 964. In this last case, it was stated in the opinion, that, when "the verdict of the jury is made the basis of a final decree of the chancery court, then this court, upon appeal from such decree, will consider any exceptions which were properly reserved by bill of exceptions during the trial of the issue by the jury."

In other words, as we understand, the effect of the former decisions is that it re-quires a final decree giving effect to the verdict of the jury to support an appeal, notwithstanding the proceedings in the law court may be revised upon such an appeal by a bill of exceptions; that an appeal from the verdict of a jury or a judgment thereon in the law court would be premature, as the chancellor or judge of the equity side of the court has the revisory power over same, and the result is not appealable until a decree is rendered in the equity side of the court.

True, the chancery and circuit courts were consolidated by the Act of 1915 (Acts 1915, p. 279), but the proceeding and practice of each was preserved in all its integrity. In fact, the case of Robinson v. Inzer, 195 Ala. 491, 70 So. 717, involved a verdict by a jury on the law side of the same court in which the bill in equity was filed, and which was finally disposed of by the Circuit Judge sitting in equity.

The motion to dismiss the appeal is sustained.

GARDNER, BOULDIN, and FOSTER, JJ., concur.