(125 So. 655)

## KARTER v. EAST et al. (6 Div. 300.)

Supreme Court of Alabama. Dec. 5, 1929.

Rehearing Denied Jan. 28, 1930.

See, also, 215 Ala. 375, 110 So. 610, and 218 Ala. 536, 119 So. 662.

F. E. St. John and Emil Ahlrichs, both of Cullman, for appellant.

Earney Bland, of Cullman, and A. J. Harris, of Decatur, for appellees.

BOULDIN, J. A bill in equity was filed by Frank A. Karter against Esther Beyer East and others for the sale of lands for division among tenants in common.

By answer and cross-bill Mrs. East denied complainant's title to any interest in the property, and claimed title through a deed from her grandmother, Mary B. Karter, to her mother, Adeline J. Beyer, now deceased. This deed, made exhibit to the cross-bill, was attacked by demurrer as void for uncertainty in description of the property.

On former appeal, this court, by majority opinion on rehearing, sustained the deed as sufficient in matter of description with the aid of certain averments tending to identify the property with the description in the deed. East v. Karter, 215 Ala. 375, 110 So. 610.

On this appeal, taken from a final decree sustaining the title of Mrs. East, the same question is presented for reconsideration. We have carefully considered the question anew. Code, § 10287.

For convenient study we again set out the description in the deed:

"Part of lot No. 353 being 29' 3" x 132; part of lot No. 494 being 104x132; part of lot No. 492 being 165x132.

"On part of lot No. 353 there is a mortgage in favor of the Improved Building & Loan Association, situated and lying and being in the county of Cullman and State of Alabama."

And the averments of the cross-bill in aid of such description:

"That said property above described, and lot 522 in the city of Cullman, Ala., upon which was located the home of the said Mary B. Karter and her husband, J. H. Karter, was all the real estate owned by the said Mary B. Karter on the 9th day of July, 1917; that there were no lots in Cullman county other than said lots that were designated by the numbers above set forth in the description of said property."

In the oft-cited case of Chambers v. Ringstaff, 69 Ala. 140, the description was by government numbers, without naming the land district, the meridian used as the base of survey, nor the county nor state in which the lands were located. The description was challenged as presenting a patent ambiguity, in that it was equally applicable to more than one tract of land without other data of identification.

The opinion defined patent and latent ambiguities, and recognized a class partaking of the nature of both. It was pointed out that only one township and range in Alabama met the description, and evidence was admitted to prove the grantor owned such lands. In the absence of proof that he owned lands similarly described in some other state, the conveyance was sustained.

In later cases involving similar descriptions, the fact that only one tract in Alabama met the description has not been treated as of controlling importance; and it is now settled that a description by government numbers, giving subdivision, section, and range, but omitting state, county, and land district, may be aided by proof that the grantor owned lands answering to such description in a particular locality. Such deeds are sustained upon further proof that he owned no other lands answering to such description, or in the absence of proof that he did own such other lands. Webb v. Elyton Land Co., 105 Ala. 471, 18 So. 178; De Jarnette v. McDaniel, 93 Ala. 215, 9 So. 570; Head v. Sanders, 189 Ala. 443, 66 So. 621.

In O'Neal v. Seixas, 85 Ala. 80, 4 So. 745, 746, the description was: "A lot of land near Florence, north of the Fair Grounds, containing 35 acres, more or less." The bill set forth a more accurate description with averments that it was the only such lot of which the mortgagor was seized and possessed at the time. The description was held not so vague and indefinite as not to admit of parol evidence of identification of the character alleged.

In Meyer Bros. v. Mitchell, 75 Ala. 475, the description was: "Sixty acres of land, viz., fifty acres Comida and Cone bottom; also, ten acres hill-side woodland [ad] joining the Mitchell tract."

While wholly insufficient on its face to identify the land, averment and proof was permitted in aid of the description to the effect that the land was pointed out, selected, and the purchaser placed in possession. See, also, Sikes v. Shows, 74 Ala. 382.

In Caston v. McCord, 130 Ala. 318, 30 So. 431, the description was: "One and a third (1⅓) acres of land lying south of W. T. McCord's lot in Albertville, Ala., in Sec. 15, T. 9, R. 4 east." Said the court:

"Standing alone this description fails to distinguish any particular land from other lands in the same locality, it gives no sufficient data wherefrom it could be located by a survey, and refers to no particular appellation, fact, or circumstance which could serve

514

for its identification. According to many authorities, such a defect would be classed as a patent ambiguity, fatal to the conveyance. In this state it has been settled by decisions so numerous as to establish a rule of property that mere indefiniteness in description, though it be such as to render a deed prima facie inoperative, does not necessarily have that effect; that evidence of extrinsic facts, relative to the situation of the parties and the circumstances attending the conveyance, may be looked to for the purpose of identifying its subject matter, and that it is only upon the failure of evidence to give certainty to the description that the instrument will be declared void. Moody v. Railroad Co., 124 Ala. 195, 26 So. 952; Greene v. Dickson, 119 Ala. 346, 24 So. 422, 72 Am. St. Rep. 920; Clement v. Draper, 108 Ala. 211, 19 So. 25; Webb v. Land Co., 105 Ala. 471, 18 So. 178; Homan v. Stewart, 103 Ala. 644, 16 So. 35; De Jarnette v. McDaniel, 93 Ala. 215, 9 So. 570; O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Meyer v. Mitchell, 75 Ala. 475; Chambers v. Ringstaff, 69 Ala. 140."

The rule thus stated was quoted and approved in Minge v. Green, 176 Ala. 343, 349, 58 So. 381, 383; also the following from Webb v. Elyton Land Co., supra:

"The rule we have adopted commends itself for its conservatism and justice. Howsoever vulnerable it may be to the attack of technical and refined principles of law upon the subject of ambiguous writings, we are not so well satisfied that it is unwise as to be disposed to depart from it."

In Hamilton v. Stone, 202 Ala. 469, 80 So. 852, 853, the description was: "Forty acres of land joining the John Edge forty." Held subject to parol evidence identifying the 40 covered by the writing.

In Reynolds v. Shaw, 207 Ala. 274, 92 So. 444, 445, the description was: "The following described real estate situated in Madison county, Ala. viz.: Located 1½ mi. east New Market and containing 75 acres more or less." Parol evidence of ownership of a particular tract answering to such description was admitted in aid thereof.

Other cases to like effect are: Cottingham v. Hill, 119 Ala. 353, 24 So. 552, 72 Am. St. Rep. 923; Greene v. Dickson, 119 Ala. 346, 24 So. 422, 72 Am. St. Rep. 920; Homan v. Stewart, 103 Ala. 644, 16 So. 35; Bottoms v. Dykes, 102 Ala. 582, 14 So. 874; Nolen v. Henry, 190 Ala. 540, 67 So. 500, Ann. Cas. 1917B, 792; Brannan v. Henry, 142 Ala. 698, 39 So. 92, 110 Am. St. Rep. 55; Wilkinson v. Roper, 74 Ala. 140.

Cases in which instruments were held void for uncertainty in description include Alba v. Strong, 94 Ala. 163, 10 So. 242; Ala. Min. Land Co. v. Jackson, 121 Ala. 172, 25 So. 709, 77 Am. St. Rep. 46; Rushton v. McKee & Co., 201 Ala. 49, 77 So. 343; Mut. B. & L. Ass'n v. Wyeth, 105 Ala. 639, 17 So. 45; Carling v. Wilson, 177 Ala. 85, 58 So. 417; Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Lovelace v. M. & E. Ry. Co., 174 Ala. 154, 56 So. 711.

The case of Butler Cotton Oil Co. v. Millican, 216 Ala. 472, 113 So. 529, chiefly relied upon by appellant, deals with an auctioneer's memorandum, and merely declares that lot numbers cannot be aided by a map or plat not connected by any reference thereto in the memorandum. It is supported by numerous cases therein cited. We think it not out of harmony with the long list of cases above reviewed wherein parol evidence was admitted to show the circumstances surrounding the parties with relation to the property in aid of the uncertain description in the writings.

■ Most clearly and emphatically has it been repeatedly announced that the courts are reluctant to declare written instruments void for uncertainty of description. To this end a liberal application of the maxim, "That is certain which may be made certain," has been approved.

■ A study of the several matters of description above quoted from the cases discloses that uncertainty of description, such that on the face of the instrument it may apply to more than one parcel of land, does not render the instrument void, if the property may be properly identified by attendant facts, such as the ownership and possession by the grantor of only one parcel answering the description, or by the act of the parties in selecting and placing the vendee in possession of the parcel intended. Certainly no fraud can arise from holding the grantor to land he does own rather than that he does not own.

■ Two elements of description appear in the deed before us:

First, each parcel lies within a numbered lot. Only one lot in the county named answers to that number. A numbered lot at once suggests a survey of urban property, the laying it off into lots serially numbered. No reason appears why a lot so numbered and known in the improved portions of a town may not be readily found on inquiry, just as "Black acre" may be found in a farming district. A map or plat is the usual and proper method of making a record of such survey; but it cannot be said to be the only method by which lots may be located.

The other element of description gives by dimensions in feet the fractional portion conveyed. It does not give the exact lay of the fraction within the larger boundary; but it does appear the grantor owned only the fraction of these dimensions. This is precisely the case recognized by our decisions admitting evidence that the grantor owned and was in possession of only one parcel answering to the description.

We reaffirm the former decision holding the deed not void for uncertainty. East v. Karter, 215 Ala. 375, 110 So. 610.

Upon demand for a trial by jury of the issue as to title, the cause was entered upon the docket of the law side of the court; a jury trial was had before the same trial judge, resulting in a verdict for Mrs. East, cross-complainant. Code, § 6631. A judgment being entered at law pursuant to the verdict, appellant sought to prosecute an appeal directly to this court from the judgment at law. This court held the proceeding at law was not a final judgment, but an ancillary proceeding as part of the equity cause, subject to review first by the equity court, and the appeal was dismissed. Karter v. East, 218 Ala. 536, 119 So. 662. The verdict and a bill of exceptions taken on the trial at law were certified to the equity court. But no motion for new trial at law was made in the equity court. Appellant now assigns for error certain rulings upon evidence and instructions to the jury upon the trial at law. Appellee moves to strike these assignments of error and the bill of exceptions certified to the court of equity and appearing in the record.

A trial by jury of the issue of title in partition proceedings, upon demand, is matter of right under Code, § 6635. Sandlin v. Anders, 210 Ala. 400, 98 So. 299; Karter v. East, supra.

The verdict of the jury responding to the issues in such case, if permitted to stand, is binding and conclusive upon the equity court as to that issue. Mathews v. Forniss, 91 Ala. 165, 8 So. 661; McCutchen v. Loggins, 109 Ala. 463, 19 So. 810; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

The right of ultimate review by this court of the proceedings at law leading to such verdict is essential to give effect to the right of appeal under Code, § 5955. A., T. & N. Ry. Co. v. Aliceville Lumber Co., 199 Ala. 401, 408, et seq., 74 So. 441.

How is such review to be had?

Prior to the consolidation of the law and equity courts, the recognized practice was to reserve a bill of exceptions on the trial at law, cause the same to be duly signed and certified by the trial judge at law along with the verdict to the court of equity. A motion to set aside the verdict and grant a new trial for errors shown by the bill of exceptions followed.

Since the jurisdiction at law and equity is vested in the circuit court, the trial at law and in equity may or may not be before the same trial judge. In either event, when sit-. ting in equity to review the trial at law, he is dealing with a matter no longer before him as a proceeding at law, but before him by virtue of his powers as a chancellor.

Equity jurisdiction and procedure in equity remain unaffected by the change in personnel of the chancellor. Procedure at law and procedure in equity remain distinct.

It follows that alleged errors in the trial at law must be presented to the court of equity in cases of this character, on proper motion to vacate the verdict and grant a new trial at law. Unless vacated, the verdict is binding on the equity court.

The appeal to this court is from the final decree of the equity court. Only errors of that court are to be here reviewed. This includes errors in dealing with the verdict at law. Errors in the trial at law are' reviewable here only when made the basis of objection to the decree in equity. If no objection to the verdict is presented in the equity court, it cannot be presented on appeal to this court. This rule seems fully established. Ex parte Colvert, 188 Ala. 653, 65 So. 964; Adams v. Munter & Bro., 74 Ala. 338; A., T. & N. Ry. Co. v. Aliceville Lumber Co., 199 Ala. 408, 74 So. 441; Karter v. East, 218 Ala. 536, 119 So. 662.

It affirmatively appearing no errors in the proceedings at law were presented to the equity court, the motion to strike the assignments of error relating thereto must be granted.

Affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, and FOSTER, JJ., concur.

SAYRE, J., dissents.

BROWN, J., not sitting.