(136 So. 803)

### BRINTLE v. WOOD et al.
### 6 Div. 763.

Supreme Court of Alabama.

May 14, 1931.

Rehearing Granted June 25, 1931.

Further Rehearing Denied Oct. 22, 1931.

Arthur L. Brown, of Birmingham, for appellant.

Harsh & Harsh, of Birmingham, for appellees.

SAYRE, J.

Complainants (appellees) filed their bill under the statute to quiet title. Defendant in his answer set up title acquired by purchase at a sale by the register, made in pursuance of a decree of the chancery court rendered in a cause to which complainants were parties ordering a sale of the property for division among the heirs at law of Nelson Wilson, deceased. There were numerous heirs, eighteen, and the record of the cause in which the sale was decreed purported to be the record of a cause to which all the heirs of Nelson Wilson were parties complainant or defendant. But complainants in this cause deny by their amended bill that they had any notice of that proceeding, and the question now in controversy is whether they should be bound by the decree rendered therein.

In their original bill, complainants demanded a trial by jury of the issues there involved, the court ordered a jury, and the decree was based upon the verdict rendered. Several of the assignments of error argued in the brief for appellant are based upon the giving or refusal of charges in writing requested by the parties. There is no bill of exceptions, and the propriety of the charges in question will not be considered. A bill of exceptions is necessary even though the cause was tried by a jury in the equity court. Karter v. East, 220 Ala. 511, and authorities cited on page 515 of that report, 125 So. 655. In this connection, attention is called to the fact that section 6631 of the Code is not correctly reproduced in Michie's Annotated Code.

The sheriff's return in the partition proceeding shows service on the complainants, appellees, in the present cause. This was and is denied by complainants. If service was had upon them or they had notice in fact by other means of the decree rendered in that cause, and failed to proceed with diligence for the assertion of their rights, the decree there rendered must be held to be conclusive against them. Wise v. Miller, 215 Ala. 660, 111 So. 913.

Complainants' case in respect to the main issue is that summons in the suit for partition or division was not served on them, nor did they have notice of that proceeding. The attack on the decree in that case is collateral. The burden is upon complainants to show by clear and convincing proof that they were not served with process in the suit for partition and had no such notice thereof as would have prompted a reasonable person, careful of his own interest, to go in and defend or at least care for his own interests in a proceeding brought for the purpose of changing the form of his property, in the present case a proceeding to convert land into money for the purpose of division among cotenants. The party who would question the sheriff's return in any such case assumes a heavy burden of proof, for, otherwise, the judgments and decrees of the courts of the country would rest upon very insecure bases. Bastian-Blessing Co. v. Gewin, 217 Ala. 592, 117 So. 197, where cases are cited.

It is not denied that an attorney at law, practicing at the Birmingham bar, did appear for complainants along with numerous other cotenants (the property had descended by operation of law from Nelson Wilson to children and grandchildren, eighteen in number), procured a decree of sale, and, after sale, disappeared from the community, became a fugitive from justice, and afterwards died; that this attorney did represent some of the other cotenants is not denied. He executed his receipt to the register in chancery for the shares of these complainants, amounting to $721.80, in September, 1914. But it is denied that he had authority to represent them. It is averred that they had no notice of that proceeding and that they received no part of the fund into which the property was converted by authority of the decree rendered in that cause. That a majority of the owners joined in the petition for a sale or were parties defendant thereto is not denied. That proceeding was pending in the chancery court of Jefferson county for more than six months, and, so far as that court was concerned, was disposed of in 1914, and the bill in the present cause was filed five years later. The joint owners, with one exception, lived on the land, on small portions which had been carved out for them by the common ancestor, or in the close neighborhood.

The records kept by the sheriff show that these appellees were served with process in the cause in which the decree was rendered. Deputy Patterson testified that he in person served the summons on one of appellees, and that he entered the return showing service on the others at the request of L. F. Clayton, another deputy, whose regular business it was to serve writs in that part of the county in which the property in question is located.

Clayton, who testified by deposition taken in Mobile, where he now lives and who was eighty-two years of age at the time of his deposition, denied serving any of the summons for the parties to this cause. Whether he served summons for the parties to the partition suit, who are not complaining in this cause, does not appear. Raspberry Wilson, son of Nelson Wilson and the oldest of complainants, made affidavit for process against Martin in December, 1914, charging that he had fraudulently converted to his own use the sum of $132, the amount assigned to affiant as his share of the purchase money of the land in suit, "which said money came into his possession as agent or attorney of affiant."

The evidence has been stated in outline only. The court here is of opinion that, the verdict of the jury to the contrary notwithstanding, the decree in the chancery court should have favored defendant there, appellant here.

Quite a large part of the testimony reproduced in the record made up for this appeal is offered, as we understand, for the purpose of showing adverse possession by complainants of the property in dispute for more than ten years after the sale by the register in the partition proceeding. But the opinion here is that such evidence, at best for appellees, shows only a scrambling possession of small parts of the property, and cannot avail appellees as evidence of title by adverse possession. The questions now at issue are whether the court in the proceeding for sale in lieu of partition acquired jurisdiction of these appellees by service of process, or whether, if jurisdiction was not so acquired and judgment was rendered on the unauthorized appearance of attorney Martin, appellees promptly sought relief and have proved all the facts necessary to that relief by clear and convincing evidence. Wise v. Miller, supra. The judgment here, on consideration of the evidence which, as we have said, has been stated in outline merely, is that appellees have not proved by clear and convincing evidence that they were not served with process in the partition suit; rather, that the conclusion should be, in view of the probabilities of the case presented by the evidence, that they were served and trusted the care of their interest to the attorney who without question represented some of their cotenants, and, in any event as to that, delayed too long to set up their claim of fraud after appellant had paid his money on the faith of the judicial decree and spent some other money, not a great deal, but enough to set a diligent and conscientious owner in motion, in improving the property and making his claim of ownership obvious to a casual observer and, certainly, to some of appellees co-owners, and to appellees as well.

The decree under review will be reversed, and a decree here rendered denying the relief sought by appellees, and charging them with the costs incurred in the court below and in this court.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

## On Rehearing.

PER CURIAM.

The complainants on the filing of their bill to quiet title requested a trial by jury, as they had a right to do under the statute. Code of 1923, § 9908.

In pursuance of this request, the judge presiding in the equity division ordered a special jury to be summoned, impaneled, and organized, as authorized by section 6631 of the Code, and the issues presented by the pleadings were submitted to the jury, resulting in a verdict in favor of the complainants.

The jury trial was had, and the verdict rendered on November 15, 1929. Thereafter on March 20, 1930, no motion being made to set the verdict aside and grant a new trial, the judge of the equity division entered a final decree on the verdict, granting complainants relief as prayed in the bill.

On April 18, 1930, the appellees filed a petition for rehearing, which was continued until May 3, 1930, when it was argued and submitted and taken under advisement, and in September following was denied.

It is settled by the decisions here, that, in order to review the findings of the jury on the facts culminating in the verdict by the judge sitting in equity, motion must be made before a final decree is entered on the verdict. Karter v. East, 218 Ala. 537, 119 So. 662; Karter v. East, 220 Ala. 511, 125 So. 655; Hale et al. v. Cox, 222 Ala. 136, 131 So. 233, 235.

The ruling of the court of equity on petition for rehearing filed after the final decree is entered is not reviewable on appeal. Ex parte Upchurch, 215 Ala. 610, 112 So. 202; Engle v. Bronaugh, 208 Ala. 162, 93 So. 868.

The application for rehearing is therefore granted, the judgment reversing and rendering the case is set aside, and the decree of the circuit court, in equity, is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, BOULDIN, BROWN, and FOSTER, JJ., concur.

SAYRE and THOMAS, JJ., dissent.

SAYRE, J. (dissenting).

On this application, appellee, for the first time, insists that the decree rendered by the chancellor, following the verdict of the jury,

should be considered by this court as conclusive of all issues presented by the record in this cause. The writer cannot agree. Nor does the writer concede that the decree rendered in agreement with the verdict may not be reviewed by this court save upon a bill of exceptions reserved and certified as in cases at law. The bill is one to remove a cloud upon title. But the record shows affirmatively that this court has before it all the evidence offered in the court below and reproduced here for the consideration of this court; this in accord with the practice in chancery cases generally, that there is no need of a bill of exceptions to get the case fully and accurately before the court. My judgment is that the case is presentable for review as are other cases in equity, and that this court, considering all the evidence, has the right, the power, and the duty to provide by its judgment that justice and equity be done. The record shows indubitably that this court has before it every syllable of the evidence that went to the jury on the trial of the issue submitted to it. To my mind, nothing can be clearer than that the court here is under duty to pass upon the issues presented, and to render such decree as equity and good conscience demand, and such decree, in my opinion, would confirm the title for which appellant paid his money in accordance with his bid made at a public sale ordered by a competent court, held in every respect according to law, and not questioned by appellees for five years thereafter. This opinion is in accord with the law as heretofore declared by justices of this court whose opinions are held in highest respect by the courts everywhere. Adams v. Munter, 74 Ala. 338; Ex parte Colvert, 188 Ala. 650, 65 So. 964. This court appears to have followed the procedure here indicated in Alabama, T. & N. R. Co. v. Aliceville Lumber Co., 199 Ala. 391, 74 So. 441. In the brief for appellee on this rehearing, emphasis is laid upon the language of section 9908 which says that "the court is bound by the result", meaning the jury's finding of fact, but, we note it immediately adds, "but may, for sufficient reasons, order a new trial," and the writer is very clearly of opinion that the decree in this cause is reviewable just as is any other decree in equity brought here for review, and that the record affords every possible opportunity for knowing the merits of the decree rendered by the trial court, and I may add, if that be of any consequence, that, evidently, such was the opinion of appellees' counsel on the original submission. I am, therefore, of opinion that the decree should be reversed, and a decree here rendered confirming appellant's title and dismissing appellee's cross-bill.

THOMAS, J., concurs.