180 So. 138

### LAMBERT v. FOLEY et al.

### 6 Div. 344.

Supreme Court of Alabama.

Jan. 26, 1939.

Hugh A. Locke and Frank M. James, both of Birmingham, for appellant.

Stephen B. Coleman, of Birmingham, for appellees.

THOMAS, Justice.

The submission was on motion to strike assignments of error and on merits.

The assignments of error challenge the action of the trial court in giving to the jury the several charges that are respectively and duly indicated.

Appellee Foley was the respondent in the trial court, in equity, in which a jury was demanded and had, and verdict was rendered in favor of appellee.

The issues were presented by original bill of complaint and the sole issue of fact on the contest was that the alleged testator was of unsound mind, and that he did not have testamentary capacity.

The verdict of the jury was in favor of appellee and sustained the validity of the will challenged by the contest.

The record shows no attack was made on the verdict; no motion for a new trial or rehearing was made, nor any effort to set aside the verdict rendered.

The submission for final decree was upon the pleadings and proof. The final decree was entered on the verdict of the jury upon which the case was submitted by the trial judge.

The minute entry is, "On this the 20th day of October, 1937, came the parties to this cause by their Solicitors, and upon their motion, it is ordered by the Court that this cause be and it is hereby submitted for a final decree upon the pleadings and proof as noted by the Register."

The note of testimony in the cause was that submission was had for the contestants and (in behalf of complainants) upon the bill of complaint, amendments thereto and the testimony of the several witnesses named: In behalf of respondents upon the answers to the bill as last amended by respondents' testimony named in the note of testimony, and the exhibits.

Among other things, the decree recited that: "This cause coming on to be heard, and the Jury having been summoned, sworn and duly empannelled to try the is-

sues between Martha Elizabeth Lambert, Pro Ami, Bessie Stout Lambert, Contestant, (Complainant) and John W. Foley, Charles E. Rice, Jr., as Administrator Ad Litem of the Estate of Mary J. Clements, H. A. Brown, Minnie, Lee Kimbrough—Ruby Hall, and Mary Ann Ward, as proponents, (Respondents) the Court proceeded to hear the bill and contest, and after hearing the testimony and argument of counsel and the charge of the Court to the Jury, to-wit: Bert L. Simpson, and eleven other good and lawful men, do upon their oath say: 'We, the Jury find for the Proponents, (Respondents) of the Will of Sam Foley, Deceased: (Signed) Bert L. Simpson, Foreman.' It is therefore, ordered, adjudged and decreed, etc."

The decree was entered, therefore, solely on the jury verdict.

There was no bill of.exceptions reserved by appellant and ordinary appeal was taken. The assignments of error relate to the action of the court in giving and·refusing certain charges.

■ In the instant case, the trial of the issue of fact and the verdict of the jury are not merely advisory, but are binding upon the court, submission to the jury being a matter of right in the contest of a will. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Alabama, Tenn. & Northern Ry. Co. v. Aliceville Lumber Co. et al., 199 Ala. 391, 74 So. 441; Ex parte Colvert, 188 Ala. 650, 65 So. 964; Mathews v. Forniss, 91 Ala. 157, 8 So. 661; Jester v. Jester, 225 Ala. 138, 142 So. 523.

■ This court will review only errors as affect a jury's verdict, in' a case in equity, when reserved by bill of exceptions. Ex parte Colvert, supra; Karter v. East, 220 Ala. 511, 125 So. 655; Brintle v. Wood,' 223 Ala. 472, 136 So. 803; Hale v. Cox, 222 Ala. 136, 138, 131 So. 233.

In Karter v. East, 220 Ala. 511, 515, 125 So. 655, 659, this court said: "The appeal to this court is from the final decree of the equity court. Only errors of that court are to be here reviewed, This includes errors in dealing with the verdict at law. Errors in the trial at law are reviewable here only when made the basis of objection to the decree in equity. If no objection to the verdict is presented in the equity·court, it cannot be presented on appeal to this court. This rule seems fully established. Ex parte Colvert, 188 Ala. [650] 653, 65 So. 964; Adams v. Munter & Bro., 74 Ala. 338; Alabama, T. & N. Ry. Co. v. Aliceville Lumber Co., 199 Ala. [391] 408, 74 So. 441; Karter v. East, 218 Ala. 536, 119 So. 662."

This decision has been followed in Ex parte Howard, 225 Ala. 106, 142 So. 403.

In Jester v. Jester et al., 225 Ala. 138, 142 So. 523, Mr. Justice Knight said for the court: "There is no bill of exceptions in this case, and nothing to show that the complainant made any motion to set aside the verdict of the jury. Nor is there anything in the record to indicate that the court was called upon, in any way, to disturb the verdict of the jury. Having permitted the verdict to stand, there was nothing left for the court to do, other than to follow the verdict in rendering his decree. This the court did. This court, as heretofore pointed out, has held that, when the verdict of the jury responds to the issues presented to them for determination, it (the verdict) is binding and conclusive upon the equity court, unless the court sets the same aside, and this was not done in the instant case."

■ It follows that no question is presented properly for review, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BROWN, and KNIGHT, JJ., concur.