37 So.2d 103

### HILL v. COWART et al.

#### 7 Div. 953.

Supreme Court of Alabama.

Oct. 7, 1948.

L. C. Albright, of Birmingham, for appellant.

Sam'l A. Lokey, of Columbiana, for appellees.

BROWN, Justice.

The bill in this case, filed by appellant September 2, 1926, under the statute, Code of 1923, § 9905 now Code of 1940, Tit. 7, § 1109, to quiet title to certain lands located in Shelby County, was against H. M. Cowart, Myrtle Chaney and Dora M. Valton, J. E. Jones and F. W. Dutten. The allegations of the bill followed the prescription of the statute and called on the defendants to avow and declare their title, claim or interest and prayed for a

declaration and settlement of the title in complainant. Trial by jury was demanded by the complainant in writing endorsed on the bill. Code of 1940, Tit. 7, § 1112.

Some of the original defendants answered and others defaulted and suffered decrees pro confesso.

The complainant amended her bill July 19, 1947, twenty-one years after it was filed, making O. J. Pardue a party defendant. The last named defendant filed answer and cross-bill, denying complainant's possession and title, asserting paper title in himself and also claiming title on bona fide purchase and continuous adverse possession under color of title, open, notorious and exclusive for more than ten years.

A jury was duly empanneled and after all evidence was adduced, the issues were defined by the trial court in its oral charge and in special written charges requested by the complainant, appellant here. The jury returned the following verdict:

"We, the jury, find the issues in this cause in favor of O. J. Pardue, respondent and cross-complainant, against both complainant Prudie Hill and Respondent and cross-complainant H. M. Cowart."

The circuit court in equity, eight days after the verdict was received and filed by the register, entered the final decree in accordance with the verdict of the jury quieting the title to said lands in the appellee O. J. Pardue. From such final decree the complainant Prudie Hill has appealed and assigned errors on the rulings of the court made on the trial of the issues before the jury in the admission of evidence and in the refusal of instructions in writing requested by the complainant.

In the absence of motion made in the equity court to set aside the verdict of the jury, the assignments of error are without merit and present nothing for review. Brintle v. Wood et al., 223 Ala. 472, 136 So. 803; Karter v. East, 218 Ala. 536, 119 So. 662; Id., 220 Ala. 511, 125 So. 655; Hale v. Cox, 222 Ala. 136, 131 So. 233, 235; Cook v. Morton, 241 Ala. 188, 1 So.2d 890.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.