301 So.2d 69

**Felston HOSEY, Sr., et al.**

**v.**

**Daniel Franklin ROBINSON et al.**

**SC 810.**

Supreme Court of Alabama.

Sept. 19, 1974.

Kenneth R. Cain, Ozark, for appellants.

Smith & Smith, Dothan, for appellees.

PER CURIAM.

This is an appeal from a decree rendered in a proceeding in equity to set aside and hold void a deed executed by Grover Robinson to Felston Hosey on the 6th day of November, 1970.

On the 11th day of August, 1970, Grover Robinson, then 79 or 80 years of age, fell from the roof of his house or from a ladder leading to the roof. He was discovered lying in his driveway by a neighbor, Henry A. Shepherd, who summoned an ambulance which carried the injured man to a hospital where he remained under treatment until October 12, 1970. On that date he was removed from the hospital and placed in a nursing home where he remained until his death on February 2, 1971. In addition to the injuries sustained in the

fall, Robinson was suffering from arteriosclerosis and was being medicated to increase his alertness.

In May of 1971, Daniel Franklin Robinson, et al, filed a bill in equity against Felston Hosey, Sr. seeking to set aside and hold void the deed from Grover Robinson to Hosey. The bill named as further respondents John Doe, etc., whose names were unknown but would be added by amendment.

As grounds for voidness the bill averred lack of mental capacity on the part of the grantor to execute a valid deed and undue influence practiced on him to induce the execution of the deed.

Along with the bill, the complainants demanded a trial by jury of the following issues:

"1. What right, title, and interest the complainants and defendants and each of them, have in and to the land described in said bill of complaint.

"2. Whether Grover W. Robinson was of unsound mind, and whether he was or was not possessed of mental capacity to execute the deed dated the 6th day of November, 1970, which is described as Exhibit 'A' in complainants' bill of complaint.

"3. Whether on the 6th day of November, 1970 and prior thereto, Felston Hosey, Sr. or his co-conspirator, his agent or employee, used undue and improper influence upon the said Grover W. Robinson and having him execute and deliver the said deed described in Exhibit 'A' to such an extent that the acts of the said Grover W. Robinson in executing and delivering the said deed to the said Felston Hosey, Sr. were not the ill and intentional acts of the said Grover W. Robinson but the acts of the said Grover W. Robinson in the execution and delivering of the said deed were not his free and voluntary acts.

"4. Whether Felston Hosey, Sr., his co-conspirators, agents, servants, or employees of the said Felston Hosey, Sr. did

on the 6th day of November, 1970, and prior thereto, use undue and improper influence upon the said Grover W. Robinson in having him execute and deliver to them the said deed described in the said Exhibit 'A' to an extent that the acts of the said Grover W. Robinson in executing and delivering the said deed to the said Felston Hosey, Sr. were not the free and voluntary acts of the said Grover W. Robinson."

The respondent filed pleas in abatement to the complaint which was then amended. The pleas were not refiled to the amended complaint and the trial judge overruled the original pleas holding them moot by virtue of the amendment. The respondent Hosey then filed an answer and cross-bill. The answer denied the alleged lack of mental capacity on the part of Robinson to execute the deed, and further denied the exercise of undue influence in its execution. The cross-bill prayed that if the deed were to be held void that a lien be impressed on the property for the amount that the respondent had paid as consideration, which amount the cross-bill averred was $13,000.-00. In answer to the cross-bill the complainants denied that the claimed sum had been paid the grantee.

The complaint was further amended by adding as respondents Myrtle Hosey, the wife of Felston Hosey, and Elma Spears, and Frances Arrant. No additional relief was claimed in the amendment so the sole purpose of the bill remained to have the deed declared void. Myrtle Hosey made the same answer and filed the same cross-bill as did her husband.

It appears that Elma Spears and Frances Arrant were not served and did not make answer or otherwise plead to the complaint.

A jury was impaneled and without objection by the respondents, Hoseys, who are now appellants, a trial proceeded on the issues propounded by the complainants. These issues have been heretofore set forth. The jury verdict was in favor of the complainants. Following the jury ver-

dict depositions previously taken were introduced by the mutual consent of the parties and the cause submitted. Although not among the issues presented to the jury, evidence was received during the jury trial as to the sums paid Grover Robinson as consideration for the deed.

The Circuit Court of Houston County entered a decree which, among other things, held the deed void and found the respondent Hosey to have paid $5,000.00 on the purchase price and made improvements on the property to the extent of $750.00, imposing a lien on the property in the sum of $5,750.00 in favor of the Hoseys.

From this decree the respondents and cross-complainants Hosey have appealed.

With the foregoing as background we come now to a consideration of the errors which the appellants have assigned in seeking reversal of the decree.

■ The first four assignments complain of the disposition of the cause without service on or appearance of Spears and Arrant. As no relief was sought against them in the amended bill and as its sole purpose was to have the deed to Hosey set aside and as there is nothing in the pleading or proof to show any interest or title on the. parts of Spears and Arrant in the subject property, they do not appear to be necessary parties to the determination of the issues raised by the bill. We further see no reason for the appellants to complain of this matter as the failure to serve Spears and Arrant in no way affected the defenses to the claims set forth in the bill. We find no merit in these assignments.

The defendant, Felston Hosey, Sr., moved the court to set the cause for trial averring that, "This cause is on the Equity Docket but is a bill to set aside a deed with a demand for jury trial."

The court then issued an order stating,

"The Complainants in the above styled cause having filed their bill of complaint to set aside and hold null and void and to cancel certain deed involved in this cause, and the same having been considered,

"IT IS HEREBY ORDERED, ADJUDGED, AND DECREED BY THE COURT that a jury be impanelled in the Courtroom of the Circuit Court of the Courthouse of Houston County, Alabama, at 9:00 A.M, Wednesday, October 25, 1972, for the purpose of trying the issues of fact involved in said cause.

"The Court, having already ordered a jury impanelled on said date for the trial of other matters on the Law side of the Court,

"IT IS ORDERED BY THE COURT that the jury to [sic] and determine the issues involved in this matter shall be selected and drawn from the venire heretofore ordered to appear in this Court on October 14, 1972, on the Law side of the docket of this Court; and,

"IT IS FURTHER ORDERED BY THE COURT that the Register of this Court shall give notice of this order to the parties in this cause or to their attorneys of record.

"DONE AND ORDERED this 17th day of October, 1972."

The final decree was as follows:

"This cause coming on to be heard on the submission of both parties to this cause and both parties having submitted the testimony heretofore taken in the jury trial heretofore had on October 25–26, 1972, and the Court having received the verdict of the jury in said case and the jury verdict reading as follows 'We, the jury, find the issues in favor of the plaintiff.' and upon the testimony as noted in the note of testimony and the Court having visited the property in controversy and inspected the same as to the value of the improvements, and after considering all the testimony in this case, together with the observation of the premises, the Court finds that from the testimony and the evidence in this case, that the defendant, Felston Hosey, Sr., is entitled to be refunded $5,000.00, the con-

sideration that was paid over to Grover W. Robinson in his lifetime, and that Myrtle Hosey is not entitled to any realtor fees or brokerage fees in and about this transaction. The Court further finds that the respondent, Felston Hosey, Sr., is entitled to $750.00 for improvements on this property [for] which he is entitled to reimbursement. The other claims or proposals in this case are denied. Now, Therefore,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED BY THE COURT that the purported deed and power of attorney be and the same are hereby declared null and void and of no effect, and that the Register, in Chancery, is hereby ordered to write in the margin of the record in the Probate Office 'Null and Void' as declared by the Court; that the Complainants are to pay the respondent, Felston Hosey, Sr., $5,750.00 within sixty days and a lien is hereby created on this property in question for the payment of this judgment, and the Court hereby gives the Administrator of the Estate of Grover W. Robinson, deceased, sixty days in which to pay this judgment, otherwise the respondent has the right to enforce the lien. The respondent is hereby ordered to surrender all of the property over to the Administrator, Daniel Franklin Robinson, forthwith and not to remove any personal property out of the house, or on the premises, except the house trailer which they have sixty days in which to remove it. The $75.00 rent will be paid to the Administrator, Daniel Franklin Robinson, on and after June 1st, 1973.

"The costs of the proceedings of Case No. 3295 is hereby taxed equally against the parties hereto, Felston Hosey, Sr., respondent, Daniel Franklin Robinson, complainant, and against the Estate of Grover W. Robinson, deceased.

"Done and ordered this 17th day of May, 1973."

The appellant's notice of appeal is as follows:

"Come now the Respondents in the above styled cause and appeal from the judgment of the Circuit Court of Houston County, Alabama, in Equity, being Case Number 3295, Judge N. J. Griffith, Special Judge presiding, and from the verdict of that jury rendered in said case dated October 26, 1972, and the Decree of the Court dated May 17, 1973, to the Circuit Court of Civil Appeals for the State of Alabama [sic].

"The undersigned do further bind themselves security for costs on said appeal.

"This the 24th day of July, 1973."

■ It therefore appears from the above that the parties and the Court tried this case on the theory that the complainant was entitled to a jury trial as a matter of right as to the propositions submitted to it as will be seen from the court's decree which made no independent finding concerning the issues submitted to the jury, or that the court had an independent opinion as to those issues. The case having been so tried at nisi prius, it will be so reviewed here. Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340; M. C. Dixon Lumber Co., Inc. v. Mathison, 289 Ala. 229, 266 So.2d 841.

Other assignments of error challenge the sufficiency of the evidence to support the allegations of the complaint and rulings of the trial court concerning the admission of evidence and proof of the plaintiff's right to maintain the action.

■ There was no motion for a new trial or for a rehearing of the jury trial before final decree or even thereafter. (We here observe that the attorney who represents the appellants on appeal did not represent them at the trial in the circuit court.) There being no such motion we find ourselves bound by those principles of law set forth in Owens v. Washington, 260 Ala. 198, 69 So.2d 694, which says:

"[1, 2] By virtue of Title 7, §§ 322–326, appellees as a matter of right were entitled to a jury trial. This court,

speaking through the late Mr. Justice Brown in Howard v. Ridgeway, 225 Ala. 106, 142 So. 403, in defining what is mean by 'an "issue out of chancery"' said it was those equitable cases wherein the parties are entitled as a matter of right to a trial of the issues by a jury as distinguished from cases wherein the trial by jury and the verdict are merely advisory and that 'In such cases the trial of the issues by jury partake of the essence of a trial at law'. Howard v. Ridgeway, supra.

· "[3] But the proceeding and trial by a jury on an issue out of chancery is not an independent trial but is a part of the equitable proceeding. Ex parte King, 230 Ala. 529, 162 So. 275; Karter v. East, 218 Ala. 536, 119 So. 662. And on appeal from the final equitable decree in cases such as the present one, this court can review only those errors committed by the court of equity. Karter v. East, 220 Ala. 511, 125 So. 655; Cook v. Morton, 241 Ala. 188, 1 So.2d 890.

"The question therefore naturally arises, how may a party take advantage of and have reviewed the errors intervening in the trial at law?

"[4, 5] No appeal will lie from the verdict of the jury itself, for the verdict does not become final and conclusive until a final decree is rendered thereon. Ex parte King, supra. So also, no appeal will lie in such a case from a law judgment entered on the jury verdict. Karter v. East, 218 Ala. 536, 119 So. 662. As stated, this court can consider only the errors committed by the equity court (authorities, supra) and errors in the trial at law are reviewable here only when made the basis of seasonable objection to the rendition of the decree in equity based on the jury verdict. Karter v. East, 220 Ala. 511, 125 So. 655. And to that end, a motion to set aside the verdict and award a new trial is essential to a review by the chancellor of the rulings on the trial of the issues be-

fore the jury. Howard v. Ridgeway, supra. It is also settled that the chancellor and only he may grant a new trial at law and set aside the verdict of the jury which has tried the issue. Ex parte Colvert, 188 Ala. 650, 65 So. 964; Karter v. East, 220 Ala. 511, 125 So. 655."

Affirmed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.